ABBY S. MARTIN, Respondent, *v.* EDWARD FUNK, Administrator, etc., et al., Appellants.

To constitute a valid gift the transfer must be consummated, and not remain incomplete, or rest in mere intention; and this is so whether the gift is by delivery only, or by the creation of a trust in a third person or in the donor; enough must be done to pass the title.

Where, however, a trust is declared, whether in a third person or the donor, it is not essential that the property should be possessed by the *cestui que trust,* or that the latter should be informed of the trust.

S. deposited in a savings bank a sum of money belonging to her, declaring at the time that she wanted the account to be in trust for plaintiff. The account was so entered, and a pass-book given to S. containing an entry, in substance, that the account was with her in trust for plaintiff. A deposit was made in the same manner in trust for K. Plaintiff and K. were sisters, and distant relations of S. S. retained possession of the pass-books, and the money remained in the bank, with its accumulated interest, except that she drew out one year's interest, until her death. Plaintiff and K. were ignorant of the deposits until after that event. In an action to obtain possession of the pass-books, and to recover the deposits, *held,* that the transaction was a valid and sufficient declaration of trust, and passed the title to the deposits, S. constituting herself a trustee; that the retention of the pass-books, which were simply the vouchers for the property, must be deemed to have been as trustee, and was not inconsistent with the completeness of the gift, nor was notice to the *cestuis que trust* necessary.

*Brabrook* v. *Savings Bank* (104 Mass., 228); *Clark* v. *Clark* (108 id., 522), distinguished.

(Argued September 25, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Nehemiah Millard,* for appellants. No gift *inter vivos* or *causa mortis* was established. (*Irish* v. *Nutting,* 47 Barb., 370; *Grymes* v. *Hone,* 49 N. Y., 17.) No valid trust existed because the depositor retained possession, means of

possession and dominion over the property while she lived, and the *cestuis que trust* were ignorant of the deposits until after her death. (*Wall* v. *Prov. Inst. for Svgs.*, 3 Al., 96; *Minchin* v. *Merrill*, 2 Edw. Ch., 333; *Howard* v. *Windom Co. Svgs. Bk.*, 40 Vt., 597; Pars. on Con. [5th ed.] ch., 15, § 1; *Curry* v. *Powers*, Ct. App., June, 1877; *Brabrook* v. *Boston F. C. Svgs. Bk.*, 104 Mass., 228; *Clark* v. *Clark*, 108 id., 522.) Mere declarations of intending to make a gift in future cannot constitute one *inter vivos*. (*Little* v. *Willetts*, 55 Barb., 125; *Harris* v. *Clark*, 3 N. Y., 93; *Noble* v. *Smith*, 2 Johns., 624; *Grangiac* v. *Arden*, 10 id., 293; *Cook* v. *Husted*, 12 id., 293; *Bedell* v. *Carll*, 33 N. Y., 581; *Gray* v. *Barton*, 55 id., 68, 73; *Shuttleworth* v. *Winter*, id., 624; *Brick* v. *Gould*, 43 How., 289; *Johnson* v. *Spier*, 5 Hun, 468.) To constitute a valid gift *inter vivos* delivery of some act equivalent to it is essential. (*Gray* v. *Barton*, 55 N. Y., 68, 73; *Shuttleworth* v. *Winter*, id., 624; *Noble* v. *Smith*, 2 Johns., 52; *Grangiac* v. *Arden*, 10 id., 293; *Cook* v. *Husted*, 12 id., 188; *Bedell* v. *Carll*, 33 N. Y., 581; *Brink* v. *Gould*, 43 How., 289; *Johnson* v. *Spier*, 5 Hun, 468.) The retention of dominion over the deposits was fatal to the theory of a gift. (2 Kent's Com., 439; *Geary* v. *Page*, 9 Bosw., 290; *Gilchrist* v. *Stevenson*, 9 Barb., 9–13; *Harris* v. *Clark*, 3 Comst., 113; *Hitch* v. *Davis*, 3 Md. Ch. Decis., 266; *Huntington* v. *Gilmore*, 14 Barb., 243, 246; *Fiero* v. *Fiero*, 5 T. & C., 151; Vice Chancellor BACON, 1873; *Warriner* v. *Rogers*, L. R. 16 Eq., 340; *Harris* v. *Clark*, 3 N. Y., 93.) To give validity to a declaration of trust the grantor or donor must have absolutely parted with his interest in the property and put such interest beyond his own reach. (*Warriner* v. *Rogers*, 1873, Eng. L. R. [16 Eq.], 340; *Jones* v. *Locke*, Eng. L. R. [1 Ch.], 25; *Gray* v. *Hackett*, 12 Gray, 227 ; Hills' Treatise on Law Relating to Trustees, 83; *Coleman* v. *Sarell*, 3 Bro. C. C., 12; *Ellison* v. *Ellison*, 6 Vis., 656; *Antrobus* v. *Smith*, 12 Ves., 39; *Edwards* v. *Jones*, 1 M. Cr., 226; *Dillon* v. *Coppin*, 4 id., 647; *Burnx* v. *Winthrop*, 1 Johns. Ch., 329; *Hays*

v. *Hershaw*, 1 Sandf. Ch., 258; *Minturn* v. *Seymour*, 4
Johns. Ch., 497; *Acker* v. *Phœnix*, 4 Paige, 308; Hill on
Trustees, 85; *Uniacke* v. *Giles*, 2 Moll., 267; *Forest* v. *Forest*,
34 L. J. Ch., 428; *Roberts* v. *Roberts*, 11 Jur. [N. S.], 992.)

*M. W. Divine*, for respondent. The deposits inured to
the benefit of the *cestius que trust* and vested in them the
absolute ownership of the money thus deposited with accum-
ulations of interest. (*Witzel* v. *Chapin*, 3 Bradf., 386; *Mills-
paugh* v. *Putnam*, 16 Abb. Pr. R., 380; *Scott* v. *Simes*, 10
Bosw., 314; *Smith* v. *Lee*, 2 N. Y. Supreme Ct. R., 591;
*Grangiac* v. *Arden*, 10 Johns., 293; *Minor* v. *Rogers*, 46
Conn., 512; Perry on Trusts, § 86; *Hooper* v. *Holmes*, 3
Stockton Ch., 122; *Ray* v. *Simmons*, 11 R. J., 266; 23
Am. R., 447; *Kerrigan* v. *Rautigan*, 43 Conn., 17; *Beubou*
v. *Townsend*, 1 Mylne & Keene, 506; 7 Eng. Ch., 143;
*Richards* v. *Delbridge*, Eng. Law Rep., 18 Eq., 14; *Patter-
son* v. *Murphy*, 11 Hare, 88; 45 Eng. Ch., 89; *Armstrong*
v. *Simperson*, 19 Wk. Rep., 558; *Kilpin* v. *Kilpin*, 1 Mylne
& Keene, 520; 7 Eng. Ch. R., 150.) The acts of the deceased
constituted a valid gift *inter vivos*. (*Wheatley* v. *Purr*, 1
Keen, 551; *George* v. *Howard*, 7 Price, 646–653; *Fulton* v.
*Fulton*, 48 Barb., 581–591; *Power* v. *Cleaver*, 2 Brown's
Ch., 500–502; *Muichin* v. *Merrill*, 2 Edw. Ch., 383; *Hunter*
v. *Hunter*, 19 Barb., 631; *Logan* v. *Deshoy*, Clarke Ch.,
209; *Constant* v. *Schuyler*, 1 Paige, 316; 1 Lewin on Trusts,
82–83; *Stapleton* v. *Purr*, 14 Simons, 185; *Westerlo* v.
*De Witt*, 36 N. Y., 340; 4 Kent's Com., 307; *Morton* v.
*Mallory*, 1 Hun, 499; 63 N. Y., 434; 2 Story's Eq. Jur.,
§ 972 [11th ed.]; *Corse* v. *Leggatt*, 25 Barb., 389; *Neilson*
v. *Blight*, 1 Johns. Ch., 209; *Cumberland* v. *Codrington*, 3
id., 261; *Weston* v. *Barker*, 12 id., 276; *Shepard* v. *McEvers*,
4 id., 138.)

Church, Ch. J. The facts in this case are substantially
undisputed, as found by the judge before whom the case was
tried. The intestate Mrs. Boone, in 1866, deposited in the Citi-

zens' Savings Bank $500, declaring at the time that she wanted the account to be in trust for Lillie Willard, who is the plaintiff. The account was so entered, and a pass-book delivered to the intestate, which contained these entries: "The Citizens' Savings Bank in account with Susan Boone, in trust for Lillie Willard. 1866, March 23. $500."

A deposit of the same amount, and in the same manner, was made in trust for Kate Willard now Mrs. Brown. This money belonged to the intestate at the time of the deposits. The plaintiff and Mrs. Brown are sisters, and were at the time, of the age respectively of eighteen and twenty, and were distant relatives of the intestate, their mother being a second cousin. The intestate retained possession of the pass-books until her death in 1875, and the plaintiff and her sister were ignorant of the deposits until after that event. The money remained in the bank with its accumulated interest until the death of the intestate except that she drew out one year's interest. Mrs. Brown assigned to the plaintiff her interest in the deposit purporting to have been made for her benefit, and the action is brought against the administrator of the intestate and the bank for the delivery of the pass-books and the recovery of the money. The question involved has been very much litigated, and many refinements may be found in the books in respect to it. Many cases have been found difficult of solution, not so much on account of the general principles which should govern, as in applying those principles to a particular state of facts. It is clear that a person *sui juris*, acting freely and with full knowledge has the power to make a voluntary gift of the whole or any part of his property, while it is well settled that a mere intention, whether expressed or not is not sufficient, and a voluntary promise to make a gift is *nudum pactum*, and of no binding force. (*Kekewich* v. *Manning*, 50 Eng. Ch., 175, and cases cited.) The act constituting the transfer must be consummated, and not remain incomplete, or rest in mere intention, and this is the rule whether the gift is by delivery only, or by the creation of a trust in a third person, or in creating the donor himself a trustee.

Enough must be done to pass the title, although when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the *cestui que trust*, nor is it even essential that the latter should be informed of the trust.    In *Milroy* v. *Lord* (4 DeGex, F. & J., 264), Lord Chief Justice TURNER who adopted the most rigid construction of trusts, in delivering an opinion against the validity of the trust in that case, laid down the general principles as accurately perhaps as is practicable.    He said : " I take the law of this court to be well settled, that in order to render a voluntary settlement valid and effectual the settler must have done everything which according to the nature of the property comprised in the settlement was necessary to be done in order to transfer the property, and render the settlement binding upon him.    He may of course do this by actually transferring the property to the persons for whom he intended to provide, and the provision will then be effectual, and it will be equally effectual if he transfer the property to a trustee for the purposes of the settlement, or declare that he himself holds it in trust for those purposes, and if the property be personal, the trust may, I apprehend be declared either in writing or by parol."

The contention of the defendant is that the transaction did not transfer the property and that there was no sufficient declaration of trust and that by retaining the pass-books the intestate never parted with the control of the property.    If what she did was sufficient to constitute herself a trustee, it must follow that whatever control she retained would be exercised as trustee, and the right to exercise it would not be necessarily inconsistent with the completeness of the trust. The question involving substantially the same facts has been several times before different courts of the State, and in every instance the transaction has been sustained as a good gift.

The case of *Wetzel* before Surrogate Bradford, and *Millspaugh* v. *Putnam* (16 Abb. Pr. R.), were deposits in the same form, and in the former the *cestui que trust* had no

notice of the deposit, and in both cases the gift was held effectual.    In *Smith* v. *Lee* (2 N. Y. Sup. C. R., 591), money was deposited with the defendant, and a note taken payable to the depositor for another person, and it was held that the depositor constituted himself a trustee.    The case of *Kelly* v. *Manhattan Institution for Savings* (not reported) was a Special Term decision of the New York Common Pleas before Robinson, J., where precisely such a deposit was made as in this, and it was upheld as an absolute gift.    These decisions although not controlling upon this court are entitled to respect, and they show the tendency of the judicial mind to give these transactions the effect, which on their face they import.    So in *Minor* v. *Rogers* (40 Conn., 512), a similar deposit was upheld as a declaration of trust. Park, J., noticed the point urged there as here of the retention of the pass-book, and said : " She retained possession therefore because the deposit was made in her name as trustee, and not because she had not given the beneficial interest of the deposit to the plaintiff," and in that case the depositor had drawn out the deposit, and the action was sustained against her administrator.    So in *Ray* v. *Simmons* (11 R. I., 266), the facts were precisely like the case at bar except that the *cestui que trust* was informed of the gift, and the court held the trust valid.

But the Supreme Court of Massachusetts in two cases, *Brabrook* v. *Five Cent Savings Bank* (104 Mass., 228), and *Clark* v. *Clark* (108 id., 522), seem to hold a different doctrine. In the first case the circumstances were deemed controlling, adverse to an intent to create a trust, and in the last which was similar in its facts to this, the court express the opinion that the trust was not complete, but without giving any reasons for the opinion.    The last decision although entitled to great respect, is exceptional to the general current of authority in this country.

In the English courts I do not find any case where these precise facts appeared, but the cases are numerous where the general principles have been elaborately discussed and applied

to particular facts. It is only deemed necessary to refer to a few of them. In *Richardson* v. *Richardson* (L. R. 3 Eq. Cases, 684), it was held that an instrument executed as a present and complete assignment (not being a mere contract to assign at a future day) is equivalent to a declaration of trust. *Morgan* v. *Malleson*, L. R. 10 Eq. Cases, 475, was decided upon this principle, and is an extreme case in support of a declaration trust. It appeared that the testator gave to his medical attendant the following memorandum, " I hereby give and make over to Dr. Morris, an India bond No. D 506, value £1,000, as some token for all his very kind attention to me during my illness." This was held to constitute the testator a trustee for Dr. Morris of the bond which was retained by him. These cases are commented upon, and the latter somewhat criticised in *Warriner* v. *Rogers* (L. R. 16 Equity Cases, 340), but Sir James Bacon, in delivering the opinion, substantially adheres to the general rule before stated. He requires only " that the donor or grantor, or whatever he may be called should have absolutely parted with that interest which had been his up to the time of the declaration — should have effectually changed his right in that respect, and put the property out of his power, *at least in the way of interest.*" This case was decided against the validity of the trust, mainly upon the ground that the memoranda produced, were upon their face testamentary in character. In *Pye's Case* (18 Vesey, 140), money was transmitted to an agent in France to purchase an annuity for a lady. Owing to circumstances, which the agent supposed prevented its purchase in her name, he purchased it in the name of the principal. When the latter learned this fact, he executed and transmitted to the agent a power of attorney to transfer the annuity, but before its arrival the principal died. Lord Eldon held that a declaration of trust was established.

*Wheatley* v. *Purr* (1 Keen, 551), is quite analogous to the case at bar. A testatrix directed her brokers to place £2,000, in the joint name of the plaintiffs, and herself as a trustee for the plaintiffs. The sum was placed to the account

of the testatrix alone, as trustee of the plaintiffs, and a promissory note was given by them to her as such trustee. The note remained in her possession until her death when her executor received the money. It was held that the transaction amounted to a complete declaration of trust.

Mr. Hill in his work on trustees, after saying "that it is extremely difficult in the present state of authorities, to define with accuracy the law affecting this very intricate subject," lays down the following as the result. "When the author of the voluntary trust is possessed of the legal interest in the property, a clear declaration of trust contained in, or accompanying a deed or act which passes the legal estate, will create a perfect executed trust, and so a declaration or direction by a party, that the property shall be held in trust for the object of his bounty, though unaccompanied by a deed or other act divesting himself of the legal estate, is an executed trust." (Hill on Trustees, 130.)

If there is a valid declaration of trust, that is sufficient of itself, I apprehend, to transfer the title, but the difficulty is in determining what constitutes such a declaration, and whether a mere formal transfer of the property, as in the case of the medical attendant, is sufficient, is a question upon which there is some difference of opinion. No particular form of words is necessary to constitute a trust, while the act or words relied upon must be unequivocal, implying that the person holds the property as trustee for another.

Let us now consider the case in hand. In form at least the title to the money was changed from the intestate individually, to her as trustee. She stated to the bank that she desired the money to be thus deposited. It was so done by her direction, and she took a voucher to herself in trust for the plaintiff. Upon these facts what other intent can be imputed to the intestate than such as her acts and declarations imported, and did they not import a trust? There was no contingency or uncertainty in the circumstances, and I am unable to see wherein it was incomplete. The money was deposited unqualifiedly and absolutely in trust, and the

intestate was the trustee. It would scarcely have been stronger, if she had written in the pass-book, "I hereby declare that I have deposited this money for the benefit of the plaintiff and I hold the same as trustee for her."

This would have been a plain declaration of trust, and accompanied as it was with a formal transfer to herself in the capacity of trustee would have been deemed sufficient under the most rigid rules to be found in any of the authorities. It seems to me that this was the necessary legal intendment of the transaction, and that it was sufficient to pass the title. The retention of the pass-book was not necessarily inconsistent with this construction. She must be deemed to have retained it as trustee. The book was not the property, but only the voucher for the property which after the deposit consisted of the debt against the bank.

There are many cases where the instrument creating the trust has been retained by the author of it until his death, especially when he made himself the trustee, and yet the trust sustained. (*Exton* v. *Scott*, 6 Simons, 31; *Fletcher* v. *Fletcher*, 4 Hare, 67; *Souverbye* v. *Arden*, 1 J. Ch. R., 240; *Bunn* v. *Winthrop*, id., 329.) This circumstance among others has been considered upon the question of intent, but is never deemed decisive against the validity of the trust. (Id.; see Hill on Trustees, *supra.*) Some confusion has been created by judicial expressions that the author of such a trust must do all in his power to carry out his intention, that the nature of the property will admit of. This general proposition requires some qualification. In this case the intestate might have notified the objects of her bounty, but this is not regarded as indispensable by any of the authorities, and she might have made the deposits in their name, and delivered to them the books, or delivered to them the money. The rule does not require that the gift shall be made in any particular way, it only requires that enough shall be done to transfer the title to the property, and one of the modes of doing this is by an unequivocal declaration of trust. In *Richardson* v. *Richardson* (*supra*), the court in noticing this point said:

"Reliance is often placed on the circumstance that the assig-nor has done all he can, and that there is nothing remaining for him to do, and it is contended that he must in that case only, be taken to have made a complete and effectual assign-ment. But that is not the sound doctrine on which the case rests, for if there be an actual declaration of trust, although the assignor has not done all that he could do, for example although he has not given notice to the assignee, yet the interest is held to have effectually passed as between the donor and donee. The difference must be rested simply on this : aye or no, has he constituted himself a trustee."

As notice to the *cestui que trust* was not necessary, and as the retention of the pass-books was not inconsistent with the completeness of the act, the case is peculiarly one to be determined by this test ; did the intestate constitute herself a trustee ? After a careful consideration of the case in con-nection with the established rules applicable to the subject, and the authorities, I think this question must be answered in the affirmative. It was not done in express formal terms, but such is the fair legal import of the transaction. I have considered the case thus far upon what appears from the face of the transaction, without evidence *aliunde*, bearing upon the intent. It is not necessary to decide that surrounding circumstances may not be shown to vary or explain the apparent character of the acts, and the intent with which they were done. The facts developed may not be so unequivocal as to be regarded as conclusive. It is sufficient to say that there is no finding of an intent contrary to the creation of a trust, and the facts found do not establish such an adverse intent. But looking at the evidence it is fairly inferable that the intestate designed that the plaintiff and her sister should have the benefit of these deposits, and there are some circumstances from which an inference may be drawn that she regarded the gifts as fixed, and complete. The circumstance that she did not intend that the objects of her bounty should know of her gift until after her death, is not inconsistent with it, and the most that can be said is that

she may have believed that the deposits might be withdrawn during her life, and the money converted to her own use. It is not clear that she entertained such a. belief, but if she did it would not change the legal effect of her acts.

The judgment must be affirmed.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment affirmed.