DETERMINED IN THE

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

### May, 1880.

---

ELIZA A. BOONE, as Administratrix, etc., Respondent, *v.* THE CITIZENS' SAVINGS BANK OF THE CITY OF NEW YORK, Appellant.

*Deposit made in a savings bank, by one in trust for another—the title to it vests immediately in the donee—the personal representative of the donor cannot collect it from the bank.*

On March, 23, 1866, one Susan Boone deposited $500 in a savings bank, "in trust for Christopher Boone." On March 29, 1867, one year's interest on the deposit was drawn out by the said Susan Boone, but to what use she applied the same does not appear. Susan Boone died on April 3, 1875, and thereafter, on October 26, 1876, the bank, upon the presentation of the pass-book, paid the amount due on account of the said deposit to her administrator.

In an action by the plaintiff, the administratrix of Christopher Boone, who died in 1872, against the said bank to recover the amount of the said deposit,

*Held,* that the title to the deposit vested in the *cestui que trust,* at the time it was made.

That after the death of the donor and trustee, the power of collecting the deposit existed solely in the donee and his personal representative.

That the payment made to the administrator of Susan Boone was no defense to this action.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

[235]

The action was brought to recover money deposited with the defendant, by one Susan Boone.

It appeared, from the facts, agreed upon by the parties hereto that on March 23, 1866, Susan Boone deposited in the Citizens' Savings Bank, the defendant, a sum of $500, and received in acknowledgment therefor a pass-book containing the following entry:

"Book No. 14,613.—The Citizens' Savings Bank in account with Susan Boone in trust for Christopher Boone, March 23, 1866, $500.00."

At the time of making such deposit Susan Boone declared that she wanted the account to be in trust for Christopher Boone, and in pursuance of her request it was so deposited and entered, and the aforementioned pass-book was issued. On March 29, 1867, Susan Boone made a draft on the said account of $22.71, being the interest that had accrued on the amount so deposited. To what use the money so drawn was applied does not appear. Aside from such draft, the said account, in the lifetime of Susan Boone, was neither diminished or added to except by the accumulation of interest allowed by the bank.

The rules of the bank were printed in the pass-book delivered to Mrs. Boone at the time the said deposit was made. These rules provided, among other things, that all "deposits and all withdrawals shall be entered at the time they are made in the books of the bank, and also in a pass-book to be given the depositor at the time the first deposit is made. The pass-book shall be the voucher of the depositor, and evidence of his property in the institution, and the presentation of the pass-book shall be sufficient authority to the bank to make any payment to the bearer thereof. The officers of the bank will endeavor to prevent fraud upon its depositors; but all payments to persons producing the pass-books issued by the bank shall be valid payments to discharge the bank. On the decease of any depositor the amount standing to the credit of the deceased may be paid to his or her legal representatives when legally demanded." The custom of the bank was to pay no moneys, either principal or interest, on account of deposits, except on the production of the bank books.

Christopher Boone died intestate, on or about the 26th day

of November, 1872. And the plaintiff, Eliza A. Boone, was, on the 15th day of April, 1878, before the bringing of this action, appointed his administratrix.

Susan Boone died, intestate, on or about the 3d day of April, 1875, and one Edward Funk was during the same year duly appointed her administrator. After the death of Susan Boone, the pass-book aforesaid passed into the possession of Edward Funk, her administrator.

On December 23, 1875, a suit was brought in this court, in the city and county of New York, by one Abby S. Martin, as the assignee of two *cestui que* trusts mentioned in like books issued by the said bank to the said Susan Boone on the said 23d March, 1866, against the said Funk as administrator and against this defendant, to recover possession of the said two pass-books, no claim being therein made against this defendant. The defendant appeared in the said suit but did not answer. On the 2d day of May, 1876, the suit was tried, and the signature clerk of the defendant was examined as a witness respecting the deposits aforesaid; judgment was recovered by the plaintiff therein on the 21st day of October, 1876, and a copy thereof was served on the attorney of the bank on the 23d October, 1876.

On or about October 26, 1876, the said Edward Funk presented to the defendant the aforesaid pass-book, No. 14,613, and also satisfactory evidence of his appointment as administrator of the said Susan Boone; and demanded payment of the amount due on the said pass-book of this defendant; and the defendant thereupon paid to the said Edward Funk, as administrator of the said Susan Boone, deceased, the whole amount then remaining unpaid on account of the said deposit, and the said Funk as such administrator thereupon surrendered the said pass-book to the defendant.

*John W. Pirsson*, and *James E. Wheeler*, for the appellant.

*Edwin G. Davis*, for the respondent.

BARNARD, P. J. :

It is now definitely settled that a deposit in a savings bank,

made by a person in his or her name as trustee for another, is a complete and valid transfer of the title to the fund. (*Martin* v. *Funk*, 75 N. Y. 134.)

After the death of the person who made the deposit, in this case, her administrator collected the same from the bank, and the question presented is whether the payment is good. It is a general rule that trusts in personal property at the death of the trustee devolve upon the administrator of the deceased trustee. In this case the trust was an executed trust when the deposit was made. There was nothing to be done by the administrator in reference to it. There seems to be no reason why an administrator of such a trust should possess himself of the fund. It would not be subject to the payment of debts of his intestate. There was no valid or legal unexecuted trust which his intestate herself was bound to carry into effect. If she believed that she could recall the gift in her lifetime, the gift was none the less executed, and she would have been legally bound to pay it to the donee if she had collected it. The deposit not having been drawn out by the donor and the gift having been completely executed, no duty could have been, by the beneficiary, cast upon the administrator to collect the same and pay it to him. My conclusion, therefore, is that after the death of the donor the power of collection of the deposit in this case existed solely in the donee. The judgment should therefore be affirmed, with costs.

GILBERT, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.