WILLIAM JAGGER, Individually and as Executor, etc., of DAVID JAGGER, Deceased, Appellant, v. JOHN H. BIRD, as Executor, etc., of MARY E. GREEN, Deceased, and Others, Respondents.

42h  423|
e 38 Mis²281

*Deposit in a bank by a life tenant, of moneys received under an insurance policy on a mill — when it will be considered, as between two remaindermen in whose names the deposit was made, as personal property.*

The plaintiff and his sister, the defendant's testatrix, owned an undivided one-half of a certain mill property, subject to the life estate in such undivided half of their father, who was, in 1879, the time when the mill was destroyed by fire, over eighty years of age. One-half of the amount received under the policy of insurance, which had been issued to the father and one Luce the owners of the mill property, was, with the consent of the father, deposited in a savings bank to the credit of the plaintiff and his sister, subject to draft by both. The mill was not rebuilt.

In March, 1883, the sister died, having made a will in 1870 by which she left her interest in the mill property to the plaintiff, her brother, and in May, 1884, the father died, making the plaintiff his executor, and leaving to him all the residue of his estate. Thereafter the plaintiff brought this action, claiming to be entitled to the whole amount of the deposit in the savings bank, as the devisee of his sister, if the fund was to be treated as realty, and as the executor of, and a legatee under, the will of his father, if it were to be treated as personalty.

*Held*, that the claim was untenable.

That the fund was to be regarded as personal property which was owned by the brother and sister jointly.

Appeal from a judgment in favor of the defendant, John H. Bird, executor, entered upon the decision of the court at Special Term.

In this action the plaintiff sought to recover the sum of $1,125 on deposit in the Riverhead Savings Bank, and the accumulated interest thereon, and to have it adjudged that, as a matter of equity, he was entitled to the whole of the said deposit and interest, as against both the Riverhead Savings Bank and John H. Bird, the executor of the will of Mary E. Green. The facts, which are undisputed, are as follows: The plaintiff and Mary E. Green were the children of one David Jagger, and from the year 1870 down to the time of her decease, the plaintiff and his sister, the said Mary E. Green, were the owners in fee as tenants in common of an undivided half of a certain mill property, subject to a life interest possessed by their father, David Jagger. The owner in fee of the

other undivided half was one A. B. Luce. In the year 1870 Mary E. Green made her will, by which she devised her interest in the mill property to her brother, and appointed the defendant, John H. Bird, her executor. In July, 1878, the mill was insured, and from that time until December, 1879, was kept insured to the amount of $2,500 (that being the full value of the property), in the joint names of the said David Jagger and A. B. Luce, who were engaged in carrying on business at the mill under the name of Jagger & Luce. In December, 1879, the mill was burned down, and David Jagger, who was at that time eighty-one years old, received from the insurance company a check for $1,125 (A. B. Luce receiving the other half of the insurance money), and immediately indorsed the said check to his son, William Jagger, who with the assent of his father, deposited the check in the Riverhead Savings Bank, to the credit of himself and his sister, and had the account opened in their joint names and "subject to draft signed by both." His sister, Mary E. Green, was informed of this, but neither she nor her brother ever made any draft on the deposit, and from that day to this it, and the accumulating interest, has remained there undisturbed. It did not appear who received the deposit-book, or whether any was issued. In March, 1883, Mary E. Green died, leaving her will above referred to, and the defendant, John H. Bird, duly qualified as executor. In May, 1884, David Jagger, the life-tenant, died, and the plaintiff, William Jagger, duly qualified as his executor, and now claims the whole of the deposit, including Mary E. Green's half, on the ground that if it is deemed personalty, he is entitled to it as executor under the will of David Jagger, and as entitled to all the rest, residue and remainder of his estate as his residuary legatee and devisee ; and if it is deemed realty, he is entitled to it under the devise of the mill - property in the will of Mary E. Green. The defendant, John H. Bird, claims that the money is personalty, and that as such he is entitled to one-half of it, namely, $685.64, as the executor and residuary legatee (in trust) of all the personal property of Mary E. Green.

*B. K. Payne,* for the appellant.

*George F. Canfield,* for the respondent John H. Bird.

BARNARD, P. J.:

At the time of the death of Mary Green there stood on deposit in the Riverhead Savings Bank, to the credit of her brother and herself, the money in question "subject to draft by both." This deposit was the amount of a fire loss upon a policy of insurance upon an old mill, which was owned by the parties in common with one Luce, who owned an undivided one-half.

The half of Mary Green and her brother was subject to the life estate of their father therein, who was, at the time of the fire, over eighty years of age. The parties did not rebuild or replace the mill, but deposited the money in the savings bank in the manner stated. The deposit was made with the assent of the father. The father died, and the brother of Mary Green, William, is his executor. After the deposit had remained in the bank some four years, Mary Green died, and she is represented by the defendant Bird. By her will she gave her interest in the old mill to her brother. It was within the power of the owners to convert the insurance money into personal property, even if it was real property, after it was received of the insurance company. Presumptively they did this, from the manner of deposit and from the length of time the deposit remained untouched.

This accords with the surrounding circumstances. The mill was old and the life-tenant was very old, and it appears that he consented to look to his children rather than to conduct the mill. The other owner had taken his share of the insurance, and he appears to have not intended to rebuild. The finding of the trial judge, that the deposit was personal property, is fully sustained by the evidence.

The father, after he gave up the insurance money to his children, had nothing more than an equitable right against his children for the interest on the money received. He had no interest in the deposit in the absence of fraud. As between the children the deposit was one of joint ownership. (*Martin* v. *Funk*, 75 N. Y., 142; *Willis* v. *Smith*, 91 id., 298.) It was a joint ownership of the deposit as personal property. (*Hastings* v. *West. Fire Ins. Co.*, 73 N. Y., 141.)

The judgment should be affirmed, with costs.

PRATT, J.:

The deposit of the fund in the savings bank, in the joint names of the plaintiff and Mrs. Green, raises the presumption that it belongs to them in equal shares. We find no evidence to repel this presumption, and believe, with the judge at Special Term, that the owner of the life estate waived his claim in favor of the heirs. Nor do we find any evidence that the heirs regarded the fund in bank as in any way different from other personal · property owned by them. No decision quoted goes so far as to hold that a policy of insurance will continue in favor of the heir, unless expressly made for his benefit. And if he could not claim under a policy issued to his ancestor, still less can he, as heir, claim the fund where the ancestor collected the indemnity.

The cause was correctly decided, and judgment must be affirmed, with costs.

Judgment affirmed, with costs.