(7 Misc. Rep. 366.)

MILLARD v. CLARK et al.

(Supreme Court, Special Term, Rensselaer County. February 3, 1894.)

TRUSTS—DEPOSIT OF MONEY IN BANK.

Decedent at various times deposited money in a savings bank in the name of plaintiff, his daughter. Afterwards, he drew out the amount deposited, and placed it in another bank, "subject to the control" of himself, and made further deposits in such bank. Afterwards, he invested the amount of such deposits in mortgages, to which he attached a writing stating with what money the mortgages were purchased, and that "at my death this is to go to her." Decedent at all times retained absolute control of the money, though he frequently spoke of it as plaintiff's. *Held* not sufficient to establish a trust in plaintiff's favor.

Action by Amelia M. Millard against Otis G. Clark and another, as executors of Orange R. Young, deceased, to recover certain bonds, mortgages, and bank pass books. Judgment for defendants.

Edwin A. King, for plaintiff.
H. D. Bailey, for defendants.

FURSMAN, J. Orange R. Young died about March 14, 1892, leaving a widow and two daughters, of whom plaintiff is one, surviving him. By his last will, which has been duly proved, after certain specific devises and bequests, he gave to his widow the use and income during her life of all his other property, real and personal. Up to the time of her marriage the plaintiff lived with the deceased, and was supported by him. About February 1, 1858, the plaintiff being then about 10 years of age, the deceased opened an account in the Central Savings Bank of Troy in her name, and from time to time thereafter deposited money to the credit of such account. The pass book of the bank on which this account was stated was also in her name. The deceased told the plaintiff what he had done, and occasionally showed her the pass book, but he at all times kept possession and control of the pass book, and exercised control and authority over the account represented by it. On October 24, 1878, this account amounted to $349.91, and on that day was made a special deposit, bearing interest, in the Central National Bank of Troy, "subject to the control" of said Young. Further deposits were made by Young to this new account. About August 13, 1864, the plaintiff being then about 16 years old, Young told her he would give her $100 for a birthday gift, and would put it in the bank for her. At her request he permitted her to have actual possession of the money for a few hours, telling her, however, at the same time, that she must return it to him, and he would put it in the bank for her. She did return it, and he thereupon deposited it in the Troy Savings Bank to her credit, but "subject to his sole control." This account was also subsequently increased by deposits made by Young. The pass book representing this account was likewise shown to plaintiff by her father, and he frequently spoke to her about the moneys she had in the bank, which he was "increasing for her at his death," but he would not during his life let her have the money, though she asked him for it. Young often spoke of these accounts to his family, stating that they were the plaintiff's, and that she could have them at his death. The plaintiff often urged her father to turn the accounts over to her, but this he invariably refused, giving as his reason that she might have greater need of the money after his death than while he lived. The pass books were never delivered by Young to the plaintiff, but were always kept by him in his safe. The origin from which the first above mentioned account arose was a child's savings bank, in which from time to time during the first 10 years of plaintiff's life the small moneys of different members of the family and others were placed as gifts to the plaintiff. Young

took this money, and deposited it as above set forth.    About May 2, 1889, Young withdrew $1,808.40 from these accounts, and invested the same in a certain bond and mortgage for $1,300 and another certain bond and mortgage for $500.    To the first of these bonds he attached a paper writing, signed by him, in these words:

"This real estate bond of thirteen hundred dollars is for my daughter Amelia M. Millard.    It is the money she had in the savings bank to her credit, which was put in the bank when she was small.    I now put it in this form so that she can realize more interest.    At my death this is to go to her."

An exactly similar writing, signed by him, was attached to the second bond.    The interest thereafter collected on these bonds was placed by him to the credit of the account in the Central National Bank, and at the time of Young's death there was a small sum remaining to the credit of each of the accounts above mentioned.    Young never delivered to the plaintiff either the pass books or the bonds and mortgages in his lifetime, and at his death they were found in his safe.    His executor and executrix under his last will thereupon took possession of them as part of his estate.    A proper demand having been made and refused, the plaintiff sues to recover them, and asks a decree declaring her to be the owner thereof.

The plaintiff does not claim that the facts establish a gift to her. Indeed, every element necessary to constitute a valid gift seems to be lacking.    Beaver v. Beaver, (N. Y. App.) 32 N. E. 998; Jackson v. Railway Co., 88 N. Y. 520; Young v. Young, 80 N. Y. 422; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940.    The plaintiff insists, however, that these facts constitute a valid declaration of trust in her favor.    A trust as to personal property may be created by parol, but to create it the acts or words relied upon must be clear and unequivocal, and must imply that the person creating it has divested himself of all title to the property, and thereafter holds it only as trustee for another.    Young v. Young, 80 N. Y. 422, 438.    No particular form of words is requisite, but the donor must have evinced by acts which admit of no other interpretation, that his subsequent possession and control of the property are as trustee, and not because of any individual rights remaining in him.    Heartley v. Nicholson, 44 Law J. Ch. 277.    There must be either an explicit declaration of trust, or the circumstances must leave no reasonable doubt that a trust was intended to be created. A trust cannot be implied from a mere deposit of money in a savings bank by one person in the name of another.    Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940.    To establish a trust it must appear that no power is left in the settler to revoke it or to defeat its effect by any different disposition of the property.    When once created, it becomes irrevocable, and, while the trustee may possess and manage the property, his right to do so is as trustee only. If any rights remain in him as an individual, there is not a valid trust.    Meiggs v. Meiggs, 15 Hun, 453.    Testing this case by these rules, the facts proved are insufficient to create a trust.    The money deposited by Young was his own.    He never surrendered the

control of it. When he converted it into the bonds and mortgages he treated it as his own, and attached to these a paper showing that they were to become the plaintiff's only in the event of his death, and all his conversations on the subject were to the like effect. There was no gift, because there was never any delivery of the property. There was no trust created, because the settler never relinquished his title to and control over it. There was, at most, a mere unconsummated intention to give; and it is well settled that to constitute a gift, whether by delivery only, or by the creation of a trust, either in a third person or in the donor himself as trustee, the act constituting the transfer must be consummated, and not rest in intention merely. Enough must be done to pass the title. Martin v. Funk, 75 N. Y. 134. The facts show a testamentary intention, rather than a trust. Young undoubtedly meant that this property should become the plaintiff's, but the circumstances leave no room for doubt that he meant it should become hers only at his death. This necessarily excludes the idea that he intended any immediate transfer of title when he made the deposits, or at any time. Markey v. Markey, (Com. Pl. N. Y.) 13 N. Y. Supp. 925; Kelsey v. Cooley, (Sup.) 11 N. Y. Supp. 745; In re Crise's Estate, (Surr.) 7 N. Y. Supp. 202. In Martin v. Funk, 75 N. Y. 134, cited by counsel for plaintiff, there was an explicit declaration of trust. At the time the deposit was made the intestate stated that he wanted the account to be in trust for Lillie Millard, and it was so entered on the books of the bank and on the pass book. In each of the other kindred cases to which my attention has been called there was either a distinct declaration of trust, or the circumstances were such as to leave no doubt that a trust was created, and the title to the property fully transferred. Those cases are, therefore, quite unlike the present. In Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, the decision was put expressly on the ground that there was a good consideration. Here there was none. It seems clear in this case that the gift rested in mere intention that it should take effect at the death of Young. It is settled law that "a court of equity cannot render that gift perfect which the donor has left imperfect, and cannot convert an imperfect gift into a declaration of trust, merely on account of that imperfection." Young v. Young, 80 N. Y., at page 437. Judgment is ordered for the defendants.