(18 Misc. Rep. 361.)

HAYNES v. McKEE.

(City Court of New York, General Term.　October 30, 1896.)

1. PLEADING—SUMMONS—NATURE OF ACTION.
The summons cannot be considered in determining the nature of an action.

2. PLEADING AND PROOF—RECOVERY IN CONTRACT ON COMPLAINT IN TORT.
Plaintiff cannot recover, as money had and received, a sum alleged to have been paid to defendant in reliance on misrepresentations knowingly made by him.

Appeal from special term.

Action by James Haynes, as executor, against James W. McKee. From a judgment entered on a dismissal of the complaint on the merits after refusing plaintiff's request to be allowed to go to the jury on certain questions, plaintiff appeals.　Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

Arnoux, Ritch & Woodford, for appellant.
Isaac N. Miller, for respondent.

VAN WYCK, C. J.　This action against the defendant individually was commenced by Mary L. Haynes, and on her death continued by her executor, the present plaintiff, and her alleged cause is that in March, 1892, one Alida N. King deposited in the Union Dime Savings Institution $1,000 in trust for plaintiff; that said King died in May, 1893, without having drawn therefrom said sum, or any interest thereof; that in June, 1893, the defendant, who had duly qualified as executor of Mrs. King's will, stated and represented to her that she was not the owner of or entitled to said money so deposited in trust for her, but the same was an asset of Mrs. King's estate; that plaintiff, not knowing that she was entitled to said sum, and relying upon the truth of said statements and representations, delivered to defendant a draft on said institution for the said sum, for which defendant obtained from said institution its check to her order for such sum, which she indorsed, and, so indorsed, delivered to the defendant; and that "the said statements and representations were false and untrue, and were so known by defendant to be."　The plaintiff at the trial rested without having proved that the defendant had made any statements or representations whatever to Mrs. Haynes at or before or after the time that she gave him, first, the draft on the institution, and then its check to her order and indorsed by her, although plaintiff did prove that such payment was made to defendant by marking in evidence the institution's check to her order, indorsed by her and then by defendant, and paid by the bank upon

which it was drawn. The defendant moved for a nonsuit upon the ground, among others, that the evidence showed that this payment was voluntarily made to defendant, and that the allegations of the complaint that the same had been procured by false representations had not been proved, but his motion was denied. The defendant proved that he received this sum; had turned it into the general fund of Mrs. King's estate, of which he was executor; had charged himself with it in his accounting of her estate; had finally distributed the entire assets of her estate among her legatees, except one, and that the assets were not quite sufficient to pay the legatees in full. But still no proof appears in the case that the defendant had made any statements or representations whatever to Mrs. Haynes, plaintiff's intestate; and on defendant's request, at the close of the case, the court dismissed the complaint on the merits, against plaintiff's objection and exception, and his request to be allowed to go to the jury "upon the question whether the money, when deposited by Mrs. King, accompanied by her subsequent declaration, was not a gift; whether in June, 1893, she [meaning, of course, Mrs. Haynes] was not the owner of the property; and whether the money was not paid over by her to McKee by reason of representations made by him as to the ownership of that fund."

The court had just denied defendant's motion to dismiss on his first ground, which was failure of proof of Mrs. Haynes' ownership of the fund; and this ruling is fully justified by Martin v. Funk, 75 N. Y. 135, which decides: Where one deposits his own money in a savings bank, and requests and receives a pass book containing an entry that the account was with him in trust for another person named, a valid trust is created in favor of such person, although the depositor retains the bank book until his death. The court then requested plaintiff's counsel to point out the evidence, if any, which proved the alleged false and fraudulent representations, and the reliance of plaintiff's intestate upon those representations as inducing her to part with her title; and the record shows that it was after argument of plaintiff's counsel, in response to the court's request, that the motion to dismiss was granted. It is certain that counsel failed to point out such evidence, for none such is in the record. The appellant's counsel now contends that the complaint showed a cause of action ex contractu, as for money had and received, and not simply one ex delicto; that because of the notice in the summons that judgment, on failure to answer, will be taken for a specific sum, a clear intimation is given that plaintiff sues in assumpsit, and that such notices are only proper in actions ex contractu; that the allegation in the complaint of a demand of, and the prayer for, judgment for a definite sum, showed conclusively an indication or election that the cause of action was one on contract. But at the trial he made no effort to have his complaint amended, nor did he give the slightest intimation that the cause of action was not in tort, or that he would waive the tort that would entitle him to an execution against defendant's body; but on the contrary he seemed to have contended tenaciously for that feature of the complaint upon which depended his ultimate resort to such an execution, for he requested to be allowed to go to the jury only upon

two questions,—one the ownership in plaintiff's intestate, upon which the court ruled with him, and the other whether the money was paid by her to defendant by reason of the representations made by him as to the ownership of the fund. As to the summons with notice: The summons only serves to bring the party into court, but does not make a part or aid in the interpretation of the pleadings. If the complaint does not follow the summons, the remedy of the party is by motion. Graves v. Waite, 59 N. Y. 162. The prayer of the complaint does not qualify the principal allegations of this complaint, which are that certain statements and representations were made by defendant; that plaintiff, relying upon them, gave a sum of money to him; and that "said statements and representations were false and untrue, and were so known by defendant to be." These are the allegations which characterize and give form to this action, and this is especially so of the allegation that defendant knew them to be untrue and false; and it is this last allegation which makes the cause of action alleged one in which an order of arrest can be granted under section 549 of the Code, and under which action the fraud must be alleged in the complaint and proven on trial to entitle the plaintiff to recover, and a judgment against him will not bar a new action on the contract. Even if proof had been submitted that the representations were made, were relied upon, and were false, still the complaint in this action must have been dismissed unless proof was made that defendant knew them to be true when he obtained the money. Marsh v. Falker, 40 N. Y. 562. But a new action could be maintained on the contract. Code, § 549. An allegation that defendant knowingly made a false representation does not let in evidence that he made false representations without knowledge. Abb. Tr. Brief Pl. 725; Marshall v. Fowler, 7 Hun, 237.

In the view that has been taken of this case, it is unnecessary to further discuss appellant's brief. The judgment is affirmed, with costs. All concur.