## In the Matter of the Estate of EMMA CORBIN, Deceased.

Surrogate's Court, Delaware County, April 29, 1932.

*Govern & McClenthen*, for the executrix.

*James E. Scully*, for Robert P. Corbin, objector.

O'CONNOR, S. The executrix has presented for judicial settlement her account. The objector, Robert P. Corbin, filed objections thereto claiming, *first*, that the executrix had not accounted for all the moneys that had come into her hands, and, *second*, objected to an allowance of a bill of E. A. Talbot, husband of the executrix, amounting to $199.60 for moneys paid to the doctor and nurse attending deceased during her last illness and for medicines, on the ground same is an excessive and improper charge against the estate. This claim was allowed by the executrix. All the evidence introduced before the surrogate tended to sustain the same and the objection thereto is overruled and the account as to this item is sustained.

Under the first objection the objector sought to establish that certain moneys had been put in the Bowery Savings Bank of the

city of New York by the deceased during her lifetime in an account designated as " Emma Corbin in trust for Robert Corbin, Son," and that the same, except about $100, had been withdrawn by Augusta E. Talbot prior to the death of the deceased and the amount so withdrawn appropriated by Mrs. Talbot to her own use.

It appears from the evidence that the deceased did deposit in the Bowery Savings Bank in the name of " Emma Corbin in trust for Robert Corbin, Son," various sums of money commencing February 5, 1925, and continued until July 7, 1930; that on the 7th day of July, 1930, there was a balance of $113.88 to the credit of this fund in account No. 1241624 in said bank and that the same was withdrawn, a new account opened in the name of Emma Corbin in trust for Robert Corbin, No. 1547065, and $1,000 deposited therein on that date; $900 of this $1,000 so deposited was withdrawn July 24, 1930, and the remaining $100 with accrued interest was on deposit in said account at the time of the death of the testatrix. Robert P. Corbin, the objector, withdrew the said sum of $100 and interest, amounting to $4.84, from the said account after the death of the deceased and on March 16, 1931. It is the contention of the objector that the withdrawals made from said account by the testatrix during her lifetime were procured through the fraud and undue influence of Mrs. Talbot exerted upon the testatrix and that some withdrawals were made by Mrs. Talbot without being authorized by the deceased. Some of the withdrawal slips were signed by the testatrix. To some Mrs. Talbot had signed the name of the testatrix, claiming to act as her attorney or agent. The executrix is the daughter of the testatrix and the objector is the son. No evidence was introduced by the executrix and a motion to dismiss the objections was made by the attorneys for the executrix on the ground that the moneys in the savings account under the evidence introduced by the objector either were properly withdrawn, or if improperly withdrawn belonged to Robert P. Corbin, the objector, individually, and not to the estate.

From the evidence in the case an interesting question is presented as to whether the testatrix withdrew the various sums of money from her said account in the Bowery Savings Bank during her lifetime voluntarily and disposed of them according to her personal wishes or whether the withdrawals were procured by Mrs. Talbot through undue influence exercised by her upon the testatrix and the moneys so withdrawn appropriated by Mrs. Talbot to her own use or to the use of other members of her family. However, the surrogate does not deem it necessary to pass upon that question for, under the authorities, if the withdrawal of this money from

this account was procured through fraud or undue influence exercised by Mrs. Talbot upon the testatrix during her lifetime, or if Mrs. Talbot withdrew the moneys without being authorized so to do by the testatrix, the moneys so withdrawn belong to the trust fund and, therefore, to Robert P. Corbin, the objector, and not to the estate of deceased. If they were improperly withdrawn and used by Mrs. Talbot, they were appropriated by her individually and not as executrix of the estate. Under no circumstances, therefore, can she be compelled to account for these funds as executrix of the estate of the deceased. The remedy of the objector is to bring an action against Augusta Talbot individually. (*Anderson* v. *Thompson*, 38 Hun, 394; *Martin* v. *Funk*, 75 N. Y. 134; *Matter of Totten*, 179 id. 112.)

The objections to the account as filed by the objector are overruled and the account allowed as presented, without costs as against the objector.

A decree may be prepared accordingly.