WYSE, Guardian *ad litem,* Respondent, vs. PUCHNER and another, Appellants.

*December 4, 1951—January 8, 1952.*

366

For the appellants there were briefs by *William E. Shaw,* attorney, and *Irving A. Puchner* of counsel, both of Milwaukee, and oral argument by *Mr. Shaw.*

For the respondent there was a brief by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* and *Martin R. Browning* of counsel, all of Milwaukee, and oral argument by *Mr. Harding.*

FAIRCHILD, J. That a trust fund in favor of the children of Elsie Wyse's husband was created is evidenced by the following declarations in her letters. In a letter which she wrote to her attorney on October 20, 1947, she said:

"I have been thinking the matter over, and have come to the conclusion that the right thing for me to do would be to set up a fund of $5,000, the income and principal to be used toward the expenses of the children's educations. I believe this amount is about half of Mr. Wyse's insurance, and I feel it should be used for this purpose, as he was very anxious that his children should receive a good education. Please handle it directly with Mrs. Wyse, and do it in the least expensive way possible.

"During 1946 and 1947, I have sent Mrs. Wyse and the children, approximately $500 each year. However, I think it will be better at this time to clean up the entire matter by putting aside a lump sum of $5,000, so Mrs. Wyse will know exactly what she has to spend toward the children's education and support. I would like this trust to become effective as of January, 1948."

On March 17, 1948, Elsie S. Wyse wrote the petitioner the following in a letter:

"Your air-mail letter just arrived with the wonderful news about Frank's scholarship—I am so thrilled & happy & proud—

"It was good of you to write me so promptly & I appreciate your thoughtfulness—

"Several months ago, when you first wrote me about Frank's college education, I had an opportunity to sell mother's co-operative apartment in New York & I took

$5,000—of the sales price & put it to one side marked 'Trust fund for Frank & Kindy Wyse's education & maintenance—' The principal & income are to be used for this purpose—At that time I wrote my attorney in Milwaukee—Irving A. Puchner, Bankers Bldg.—& asked him to establish the fund at the proper time, so you would know you had this amount to depend on—"

The father of the children and their mother were divorced in 1938. The judgment of divorce, among other things, ordered that alimony and an allowance for support of $250 per month be paid for the support and maintenance of the divorced wife and children. Shortly after the divorce, the father, Francis O. Wyse, married Elsie S. Wyse, who possessed a substantial independent fortune. There were no children of the second marriage. It appears that prior to the granting of said divorce and many times thereafter Francis O.Wyse and his second wife, Elsie S. Wyse, promised petitioner and agreed with her that the children should receive sufficient funds for their education and maintenance. At the time of the divorce the father of the children promised his former wife that the insurance policies on his life in the principal amount of $10,000 should remain payable to petitioner for the benefit of the children; and this fact was known to Elsie Wyse, the second wife. Subsequently, said policies were made payable to Elsie S. Wyse, but with the understanding that she would provide for the education and maintenance of the children. After 1943, because of the illness of Francis O. Wyse, the father, and upon request, $775 was released from the arrearages of the alimony and support allowance. Said Francis O. Wyse died in 1945, and his insurance was paid to the said Elsie S. Wyse. Elsie S. Wyse, in recognition of her obligation to the children, in October, 1947, segregated and set apart the sum of $5,000 of the sales price received from the sale of an apartment building in New York, as a trust fund for the education and maintenance of the said children, the principal and income of said fund.

to be used for that purpose. There was advanced to the account of Frank O. Wyse from the fund thus set up $225, $75 of which was paid to one of the *cestui que trustents*. Elsie Wyse died September 13, 1949, leaving a will. A claim for said trust fund in the amount of $5,600 was duly filed in the estate. Upon the foregoing facts, the court determined:

"1. Elsie S. Wyse, in October, 1947, created a binding and enforceable self-declared trust in and to the sum of $5,000, the principal and income of which is for the education and maintenance of Frank O. Wyse and Clarinda C. Wyse, wards of petitioner in this action.

"2. The estate of Elsie S. Wyse is liable to petitioner for withholding said fund, including both principal and income, from the wards of petitioner.

"3. Petitioner is entitled to a judgment which shall provide:

"(a) That the Marshall & Ilsley Bank, Milwaukee, Wisconsin, be and hereby is appointed trustee of the 'Trust fund for Frank and Kindy Wyse's education and maintenance,' to act in that capacity, without bond, under the terms of this judgment and further orders of this court.

"(b) That respondents, Irving A. Puchner and Marshall & Ilsley Bank, be and the same are hereby ordered and directed to pay over from the assets of the estate of Elsie S. Wyse, the principal sum of $4,925, together with income computed at the rate of three per cent from October 1, 1947, being the sum of $510.04, making in all the sum of $5,435.04, to the trustee appointed pursuant to paragraph 1, hereof.

"(c) Said fund shall be designated and be for the purposes set forth in petitioner's Exhibit 1, in this action, which is:

" 'Trust fund for Frank and Kindy Wyse's education and maintenance—The principal and income are to be used for this purpose—'

"(d) That the trustee is hereby empowered to distribute to the beneficiaries, Frank O. Wyse and Clarinda C. Wyse, or either of them, moneys from either principal or income of said fund at such times and in such amounts as the trustee in his discretion shall determine after consultation with petitioner, Clarinda C. Wyse, and the beneficiaries with reference to their education and maintenance requirements.

"(e) That the trustee shall furnish or cause to be furnished to this court a statement of account at the close of each calendar year, showing receipts and disbursements duly authenticated.

"(f) That the trustee shall make application to this court respecting the disposition of any funds remaining after the purposes as set forth in paragraph 3 hereof, have been fulfilled.

"(g) That petitioner recover of respondents, Irving A. Puchner and Marshall & Ilsley Bank, executors and trustees of the estate of Elsie S. Wyse, her costs in the amount of $100 and disbursements of this action to be taxed before the clerk of this court."

The evidence on which the trial court made its findings and conclusions is of acts which will admit of no other interpretation than that the settlor of the trust retained no legal rights other than the rights as trustee over the property. There was no reservation of power to revoke. While the existence of a trust need not be declared in express terms, this trust was established by proper written evidence—letters in writing, disclosing facts which created a fiduciary relation. *Estate of Horkan* (1927), 193 Wis. 286, 214 N. W. 438; 26 R. C. L., Trusts, p. 1182, sec. 19; 65 C. J., Trusts, p. 231, sec. 21.

In the case of *Matter of Brown* (1930), 252 N. Y. 366, 375, 169 N. E. 612, it was said:

"While a transfer of the property to a trustee for the purposes of the settlement may be the surest way to create a trust, yet the same result will be accomplished if the owner declare that he himself holds the property in trust for the person designated, and this trust may be created either in writing or, if relating to personal property, by parol. The declaration need not be made to the beneficiary, nor the writing given to him; in fact, his ignorance of the trust is immaterial. . . ."

That this doctrine has generally been followed appears from the following cases and authorities: *Martin v. Funk* (1878),

75 N. Y. 134, 138; *Ulmer v. Fulton* (1935), 129 Ohio St. 323, 195 N. E. 557, 97 A. L. R. 1170; *Faulds v. Dillon* (1925), 231 Mich. 509, 204 N. W. 733; 1 Perry, Trusts and Trustees (7th ed.), p. 112, sec. 96; 65 C. J., Trusts, p. 278, sec. 61.

"Whether the trust is perfectly created or not, is a question of fact in each case; and the court, in determining the fact, will give effect to the situation and relation of the parties, the nature and situation of the property, and the purposes or objects which the settlor had in view. . . ." 1 Perry, Trusts and Trustees (7th ed.), p. 124, sec. 99.

The learned trial judge, in discussing the case, very aptly reviewed the facts in the following statement:

"The trust in question was adequately created and defined. The intention to create a trust is made clear and all the material terms and essentials thereof are stated with sufficient certainty in the letters written and signed by the settlor, Elsie S. Wyse, from October 20, 1947, to March 17, 1948, and as supplemented by those which followed the latter date. The motivating reasons, all conscientiously and earnestly understood and appreciated by her, for the creation of that trust, must be accorded their significant place in the problem which she sought to respect and meet as her own. Among the elements to be noted, there are the nature of, and time between, the final illnesses of Mrs. Wyse and her husband, the purposes of her testamentary trust, the similarity of their wills with respect to their directions as to the disposition of their remains, the high regard which in her correspondence was expressed by her for her husband and in line with the same, her willingness, or anxiety, to respect and carry out all his wishes and aims toward, and for the benefit of, his two children."

There is a suggestion of the possibility of a question arising as to whether the laws of New York or the laws of Wisconsin are to control. We pass this point with this observation: That there is no difference in the principles of

law which apply to facts such as exist here as between the doctrines of the two states.

There was a motion to dismiss the appeal, but inasmuch as the executors were seeking to protect the purpose of the testatrix in providing that the residue of her estate should be devoted to cancer research, the motion was denied.

We agree with the trial court that all the essentials of a definite and valid trust according to the obvious purposes and intent of the settlor are here present. No express provision for its termination was required. The general scheme of the trust is made evident, and the subject of the same and the persons to be benefited are made sufficiently clear that a court of equity can judicially determine the same and superintend the execution of the trust.

It is considered that a trust was created, and that the petitioner is entitled to the relief asked for.

*By the Court.*—Judgment affirmed.