(23 App. Div. 116.)

WALLING v. CRANFORD et al.

(Supreme Court, Appellate Division, Second Department.   December 21, 1897.)

1. TRIAL—DIRECTING VERDICT—SUFFICIENCY OF EVIDENCE.
   In an action against paving contractors it appeared that defendants paved three blocks, and that plaintiff was entitled to certain commissions on the gross sum received for paving one block.   There was no evidence as to the amount received for paving such block, but there was evidence of the price received for the three blocks, or of their dimensions.   *Held*, that there was no evidence to support a direction of a verdict for one-third of the gross sum, on the theory that the blocks were of equal dimensions, and that the contract price received was to be divided into three parts.

2. PAVING CONTRACTS—"USUAL PRICE"—EVIDENCE.
   The contract price received by paving contractors in one instance cannot be deemed sufficient evidence to enable the court to decide, as matter of law, what was the "usual price" received by them.

Appeal from special term.

Action by James H. Walling against John P. Cranford and others for commissions for securing the required consent of property owners to pave a certain part of a street in the city of Brooklyn.   From an order granting plaintiff's motion for a new trial, after a verdict directed by the court in his favor for a part only of the amount claimed by him, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Albert E. Lamb, for appellants.
F. De Lysle Smith, for respondent.

GOODRICH, P. J. The defendants are dealers in Trinidad Pitch Lake asphalt, and have been contracting for repaving streets in the city of Brooklyn with asphalt. In December, 1894, the plaintiff had an interview with the defendants, in which he informed them that the residents of the block in Hancock street, between Reid and Stuyvesant avenues, desired to have their street repaved with asphalt, and asked what they would pay him to secure the required consent of the property owners. The defendants agreed to give the plaintiff $2\frac{1}{2}$ per cent. of the cost of the work thus obtained. The defendants subsequently, and on December 19, 1894, wrote the plaintiff a letter embodying this agreement, and inclosing a petition to be signed by the residents. A few days later, the defendants sent to the plaintiff a substituted petition for the same block and the additional pavement of Hancock street from Reid to umner avenue. The plaintiff, in answer to the last letter, wrote the defendants:

"I understood that, in the course [sic] of your securing contract for laying the pavement on these three blocks, I was to receive a commission of $2\frac{1}{2}$ per cent. on amount of contract, as in the case of the block Reid and Stuyvesant avenues, but you do not so state in your letter. Please advise me if you understand the same terms to apply to the three blocks that you offered me on the one in your letter of Dec. 19, 1894."

On December 28th the defendant wrote the plaintiff a letter, saying:

"The conditions of the commission is extended to cover the three blocks. I ought to add, however, that the pavement must be Trinidad Pitch Lake asphalt, and the contract awarded to us at our usual prices."

At the trial it appeared that the defendants were the only contractors in the city who had the right to use Trinidad Pitch Lake asphalt. The defendants admitted their liability to pay commission on the amount of the first contract, but denied any liability as to the additional contracts, on the ground that the contract between themselves and the city did not require the use of the Trinidad Pitch Lake asphalt, although they obtained the contract, and subsequently used that kind of asphalt in the construction of the work. They also claimed that, by reason of the omission of the contract to specify that such quality of asphalt must be used, the contract was open to bids by other contractors, with the result that they (the defendants) were obliged to bid at less than the usual prices which they received for Trinidad Pitch Lake asphalt; and that, therefore, the contract was not awarded to them at their usual prices. The court, at the close of the evidence on both sides, dismissed the complaint as to the latter two blocks, and directed a verdict for the plaintiff, for $154.67, being $2\frac{1}{2}$ per cent. upon one-third of the entire contract price received by the defendants for paving the three blocks. The plaintiff asked the court for permission to go to the jury upon the question of the liability of the defendants on the other two blocks, and as to the amount of the usual prices received by the defendants as referred to in said agreement, and the request was denied. Exception was taken by the plaintiff to such refusal, and upon a subsequent motion for a new trial the court set aside the verdict, and directed a new trial of the action. From this order the defendants appeal.

It will be observed that there was no evidence as to the amount received in payment for the pavement of the first block.   There is evidence as to the price received for the three blocks together, and the court directed a verdict for one-third of the gross sum, evidently upon the theory that the blocks were of equal dimensions, and that the contract price received was to be divided into three parts, so as to ascertain the amount received for the first block.   There was no evidence to sustain such a ruling.

The plaintiff also contends that the court erred in refusing to submit to the jury the question as to what were the usual prices received by the defendants for asphalt pavement, referred to in the letter of December 28th.   There was evidence of only one bid prior to December 28, 1894, and that this was $2.05 per square yard; but there is no evidence as to the time of such bid, except that it was prior to January, 1895; nor is there any evidence as to any price at any other time prior to the present contract, nor that this was the only price which the defendants had received prior to the contract in question; and this one instance cannot be deemed sufficient evidence to enable the court to decide, as matter of law, what the usual price was at the time of making the contract in question.   There is evidence of other contracts at a subsequent date, from $1.60 per square yard down to $1.23. The price named in the contract in question was $1.30, and the defendants contend that they were compelled to make a bid below their usual prices, because the contract did not require the use of Trinidad Pitch Lake asphalt.   The language, however, of the contract, which was in evidence, seems to require the use of that sort of asphalt, or its equivalent; and, even if this view is not correct, it will be observed that the letter of December 28th only required "that the pavement must be Trinidad Pitch Lake asphalt," not that the bids must require its use.   An examination of the evidence convinces us that the refusal of the request by the plaintiff to have the question of "usual prices" submitted to the jury was error, or, at least, that there was no evidence to justify the dismissal of the complaint as to that cause of action, and that this was error for which the learned court properly set aside the verdict and ordered a new trial.

The order is affirmed, with costs to abide the event.   All concur.