June 18, 1898.) Action by John Van Voorhis against Hawley E. Webster, impleaded, etc. No opinion. Motion for reargument denied.

—

In re VILAS et al. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) In the matter of the judicial settlement of Harriet H. Vilas and others. No opinion. Decree affirmed, with costs.

—

VOLK, Appellant, v. WILLIAMS, Respondent. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Casper Volk against J. Burt Williams. No opinion. Judgment and order affirmed, with costs.

—

WAITE, Respondent, v. SABEL, Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by Oswald J. Waite against Joseph Sabel. James Murphy, for appellant. P. Q. Eckerson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

—

WALLING, Respondent, v. CRANFORD et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 7, 1898.) Action by James H. Walling against John P. Cranford, Walter V. Cranford, and Frederick L. Cranford. No opinion. Judgment and order affirmed, with costs. See 48 N. Y. Supp. 909.

—

WARD, Respondent, v. TOMPKINS, Appellant. (Supreme Court, Appellate Division, Second Department. July 7, 1898.) Action by Maggie A. Ward against Joseph B. Tompkins. PER CURIAM. Order reversed, with $10 costs and disbursements, and motion to set aside order of examination granted, with $10 costs, on the ground that the affidavit on which the order was granted shows that the defendant's residence was in the county of New York, and that, therefore, the order directing his attendance in Kings county for examination was unauthorized by the Code.

—

In re WESTERFIELD et al. (Supreme Court, Appellate Division, Second Department. July 11, 1898.) In the matter of the application of Mary J. Westerfield and Flora E. Rogers for the removal of Thomas Rogers and William Cauldwell, as trustees, under the last will and testament of Jason Rogers, deceased. No opinion. Decree of the surrogate affirmed. See 53 N. Y. Supp. 25.

—

In re WESTERFIELD et al. (Supreme Court, Appellate Division, Second Department. July 11, 1898.) In the matter of the application of Mary J. Westerfield and Flora E. Rogers for an intermediate accounting by the trustees under the last will and testament of Jason Rogers, deceased. No opinion. Order reversed, so far as it charges Thomas Rogers with liability for the misapplication of funds of the estate by William Cauldwell prior to the 8th day of December, 1895, and in all other respects affirmed. See 53 N. Y. Supp. 25.

—

WIGGINS, Respondent, v. HAZARD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by Dennis B. Wiggins against Willett E. Hazard, impleaded, etc. No opinion. Judgment affirmed, with costs.

—

WILCOCK, Respondent, v. HEERMANCE, Appellant. (Supreme Court, Appellate Division, Second Department. June 21, 1898.) Action by Richard Wilcock against Edmund Heermance. No opinion. Interlocutory judgment affirmed, with costs, on authority of Haupt v. Ames, 26 App. Div. 550, 50 N. Y. Supp. 495, and Schaefer v. Lithographing Co. (Sup.) 51 N. Y. Supp. 104.

—

WILLIAMSON, Plaintiff, v. CONTINENTAL FILTER CO. et al., Defendants. (Supreme Court, Special Term, New York County. May, 1898.) Action by David Williamson against the Continental Filter Company and others, to compel the transfer by the defendant company upon its books to plaintiff of 69 shares of its stock, and to issue a new certificate therefor. Judgment for plaintiff. Clarence De Witt Rogers, for plaintiff. Howland, Murray & Anderson, for defendants.

HISCOCK, J. The plaintiff is the holder and in possession of, and produces upon the trial of this action a certificate transferring to him absolutely and as the unqualified owner, 69 shares of the capital stock of the above-named defendant company, and seeks to compel said company to transfer said stock to him upon its books. The defendants, and principally, it appears, the defendant Anderson, dispute his right to have said stock so transferred, claiming that he holds the same as security, and not as an absolute owner. A somewhat involved explanation has been offered by the evidence of the defendants to sustain such theory of security or qualified ownership. After considering the same, however, in the light of plaintiff's evidence contradicting such theory, and in the light of the prima facie right which plaintiff has upon the face of the certificate to have it transferred to him, I am of the opinion that the latter has established his right to the relief claimed, and that he should have judgment compelling such transfer, etc. Findings or decision and judgment in accordance herewith, with costs against both defendants, may be prepared by plaintiff, and, if not satisfactory in form to defendants, they may submit amendments. Ordered accordingly.

—

WINGROVE, Respondent, v. WAGNER, Appellant. (Supreme Court, Appellate Division, First Department. June 17, 1898.) Action by Louise Wingrove against Louis A. Wagner. J. A. Arnold, for appellant. L. Wertheimer, for respondent. No opinion. Judgment affirmed, with costs, on the authority of Martin v. Funk, 75 N. Y. 134.