MARY MACK, as ADMINISTRATRIX OF VALENTINE MACK, DECEASED, APPELLANT, v. MECHANICS AND FARMERS' SAVINGS BANK, RESPONDENT, IMPLEADED WITH MARY MACK.

*Deposit in a savings bank — when the delivery of the book, to a person who has been authorized by the depositor to draw out the money, will be held to be a gift.*

In an action, brought by the plaintiff, as administratrix of Valentine Mack, deceased, to obtain a deposit which, at the time of the death of the plaintiff's intestate, was in the Mechanics and Farmers' Savings Bank, and which the defendant Mary Mack claimed to belong to her, it was proved on the trial before a referee, who decided in favor of the defendant; that the deceased, Valentine Mack, had, prior to September 1, 1887, made a deposit in the Mechanics and Farmers' Savings Bank in his own name; that on that day he came with the defendant Mary Mack, his mother, to the bank and had his account changed so as to read "Mechanics and Farmers' Savings Bank, in account with Valentine Mack and Mrs. Mary Mack, order of either of them," she, at that time, signing the signature book in the bank. It was also proved that, on one occasion afterwards, Valentine, speaking of this account to his mother and showing the book, said: "This is yours;" and, also, that the day before his death Valentine sent the book to his mother with this message, "Tell my mother to keep it for me."

*Held*, that while the delivery of the book to her, accompanied by the message above quoted, would perhaps have been insufficient to establish a gift, had the money then stood in Valentine's name, yet, as she then had already the right to draw the money, the possession of the book gave her complete power on that day to draw out the money for herself, and that the judgment in her favor should be affirmed.

APPEAL taken by the plaintiff from a judgment entered on June 26, 1888, in the Albany county clerk's office, upon the report of a referee dismissing her complaint, with costs, and adjudging the defendant the owner of the property in dispute.

*J. W. Ecker*, for the appellant.

*Samuel S. Hatt*, for the respondent.

LEARNED, P. J.:

This is an action in which the plaintiff, as administratrix of Valentine Mack, deceased, seeks to obtain a deposit which, at his death, was in the Mechanics and Farmers' Savings Bank, and which Mary Mack (another person), one of the defendants, claims to belong to her. The referee decided in favor of the defendant Mary, and the plaintiff appeals. The deceased, Valentine Mack, prior to September 1, 1887, had made deposits in the Mechanics and Farmers' Savings Bank in his own name. On that day he came with the defendant Mary, his mother, to the bank, and had this account changed so as to read: "Mechanics and Farmers' Savings Bank of Albany, in account with Valentine Mack and Mrs. Mary Mack, order of either of them." She, at that time, signed the signature book in the bank. It is proved that on one occasion afterwards, Valentine, speaking of this account to his mother and showing the book, said, "This is yours."

We cannot say that this was a gift of the whole deposit to Mary, because Valentine still retained as much control over it as he conferred upon her. The deposit was in the name of both, and could be drawn by either. Both, therefore, were interested in it, while it might be safely paid to either. There would be a practical difficulty in the way of Mary's drawing the money, because for a month afterwards Valentine retained the pass-book; and, as is usual, the rules of the bank required the production of the book on depositing or drawing out money. But that circumstance, of itself, does not settle the rights of the depositors in respect to the money.

There is no evidence as to their rights, except the facts above stated, and the further fact that the day before his death Valentine sent the book to Mary (his mother), with the message, "tell my mother to keep it for me." Now, if this money belonged to Valentine and Mary, as tenants in common, each would presumably be the owner of one-half. If it belonged to them as joint tenants, it would go to the survivor. The circumstances are not conclusive, but it seems to us that they point to a joint tenancy, for the whole amount was payable to either; therefore, according to the terms,

the amount would seem to be now payable to Mary on her demand. The delivery of the book to her, accompanied by the message above quoted, would, perhaps, have been insufficient to establish a gift, had the money then stood in Valentine's name. But, as she then had already the right to draw the money, the possession of the book gave her complete power on that day to draw out the money for herself. The transfer of the account to the two names was a gift of some kind to the defendant Mary, and her rights do not rest solely on the delivery of the book. If the question was one of intent, as was said in *Orr* v. *McGregor* (43 Hun, 528), then the defendant has the finding of the referee in her favor. In that case the want of knowledge of the transaction on the part of the donee was considered to be a circumstance tending to disprove the alleged gift. Here the defendant knew and was a party to the transfer on the bank book, signing her name in the signature book. No other question is presented on the appellants' points, except those which we have considered.

The judgment should be affirmed, with costs.

LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs.