## HANNON v. SHEEHAN.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

GIFTS INTER VIVOS—DELIVERY OF BANK BOOK—EVIDENCE.

> H. opened an account with a savings bank as follows: "H., for daughter Kate," afterwards changing it to "H., or sister J.," so that J. might draw the money. H. died. The bank book was found on J.'s death, which occurred about a week later, among the effects of E., another sister, with whom J. resided, and who also had died within a few days. *Held*, to warrant a finding of the delivery of the bank book by H. to J., and that J.'s administratrix was entitled to the money. 19 N. Y. Supp. 698, affirmed.

Appeal from city court, general term.

Action by Margaret Hannon, administratrix of Julia Barrett, deceased, against Jeremiah Sheehan, surviving administrator of Hannah Sheehan, deceased, originally brought against the Emigrant Industrial Savings Bank to recover the money due on account standing in the name of "Hannah Sheehan, or sister, Julia Barrett." The fund being claimed by the administratrix of Hannah Sheehan, she was substituted in place of the bank as defendant. From a judgment of the general term of the city court (19 N. Y Supp. 698) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Richard A. Springs, for appellant.

To establish a gift causa mortis or a gift inter vivos the law requires clear, convincing, strong, and satisfactory evidence. It will not presume in its favor. Devlin v. Bank, 125 N. Y. 756, 26 N. E. Rep. 744; Grey v. Grey, 47 N. Y. 552. "Gifts causa mortis should be sustained by the most satisfactory testimony, or the door will be opened widely for fraud and imposition. Possession does not prove delivery when the claimant has had opportunity of obtaining possession wrongfully." Kenney v. Public Administrator, 2 Bradf. Sur. 321. To constitute a gift inter vivos there must be an expression of intention to make a gift, and an actual delivery to donee. In re Estate of Stevens, 2 Redf. Sur. 265. "A savings bank deposit by an intestate in his own name and that of his wife, and entered thus, 'Richard or Kate Ward,' where she has never had possession of the pass book during his life, is presumptively his property exclusively." In re Ward, 2 Redf. Sur. 251.

Michael F. Goldrick, for respondent.

DALY, C. J. The account with the bank standing in the name of "Hannah Sheehan, or sister, Julia Barrett," the bank agreed to pay to either depositor on production of the pass book, and the personal representatives of either had the right to draw the money.

The plaintiff has possession of the bank book, and, if the question was simply as to the custody of the book, or the right to draw the money, the plaintiff would have the right both to book and money. Smith's Estate, 17 Abb. N. C. 78. But the plaintiff alleges that Hannah Sheehan, before her death, delivered to Julia Barrett the bank book, together with all her right, title, and interest in and to the moneys deposited, and interest thereon. The answer denies this allegation, and sets up title in Hannah Sheehan to the moneys. It was necessary, therefore, for the plaintiff to sustain by proof the allegation of the transfer of the fund from Hannah to Julia during their lifetime. It was shown that the account was opened on July 20, 1882, in the name of "Hannah Sheehan, for daughter, Kate A." That on February 11, 1887, Hannah called at the bank, and gave a written direction as follows: "Erase the name of my daughter, Kate A., and add the name of my sister, Julia Barrett, so that she can draw the money." That the deposit, with interest, then amounted to $534.06. That deposits were subsequently made, but by whom does not appear, until the credit amounted to $858.93, at which amount it stood until the death of Hannah, which took place on January 22, 1890. She left a husband, Benjamin, who, with the defendant, Jeremiah, were duly appointed her administrators. Benjamin died before the commencement of the action. Julia Barrett survived Mrs. Sheehan but eight days, dying on February 1, 1890. She had been living in 110th street, with a third sister, Ellen Barrett, and, after her death Ellen went to live at the house of a Mrs. Foley, where she died within five days of Julia, viz. on February 6, 1890. This bank book, with two others, was in possession of Ellen when she went to Mrs. Foley's, and was delivered by her to Mrs. Foley before her death, with the statement that all she owned, together with what her sister who died had left, she would like to go to her sister in Ireland. Mrs. Foley gave the books to a nephew of the deceased, who delivered them to his mother, Margaret Hannon, (a fourth sister,) who qualified as executrix of Julia Barrett, and is the plaintiff in this action. The other two bank books were in the names of Ellen Barrett and Julia Barrett, respectively.

Upon this meager evidence the trial court was required to decide to whom the money deposited in the name "Hannah Sheehan, or sister, Julia Barrett," belonged at the commencement of the action. It was some proof of a gift of the deposit by Hannah to Julia that she directed an alteration of the title of her account so as to erase the name of her daughter, and substitute the name of her sister, Julia, to enable the latter, as she declared, to draw the money. The evidence also warranted a finding that the pass book had been transferred to Julia by Hannah, for it was found in the possession of Ellen, who lived with Julia when the latter died; and so it could fairly be presumed that Julia had possession of the book. Her possession is evidence of ownership. Greenl. Ev. § 34. It is not shown that Julia had access to the effects of Hannah when the latter died, (as was the case with Ellen when Julia died,) so that the inference of lawful possession in Julia is not negatived, as in Grey v. Grey, 47 N. Y. 552. As Hannah had formerly invested her with the right to draw the money, it is a reasonable inference from her possession of

the book that Hannah had given her that also. The intent to give the money and a delivery to make the gift effectual were thus present, and satisfy the requirements of law. Schluter v. Bank, 117 N. Y. 127, 22 N. E. Rep. 572. The transfer of the account by Hannah to her own and Julia's names was a gift of some kind to Julia, and her rights do not rest solely on the delivery of the book, (Mack v. Bank, 50 Hun, 477, 3 N. Y. Supp. 441;) but, as she already had the right to draw the money, the possession of the book gave her complete power to draw it out for herself, and the finding in her favor is sustained by the evidence, (page 479, 50 Hun, and page 442, 3 N. Y. Supp.) A gift of the pass book alone would vest the title to the fund in the donee. Penfield v. Thayer, 2 E. D. Smith, 305. None of the authorities cited by appellant conflict with these views, and we cannot say that the court erred in its findings, or that they were against the weight of evidence, or that the proofs preponderate in favor of a contrary result, and so the judgment must be affirmed.