A deposit of money in bank to the credit of depositor's wife and himself, with a provision that either of them, or the survivor, is to draw it, imports a gift to the wife, in case she survives him, and a delivery of the pass book to the wife is not necessary to perfect the gift.

Controversy between John E. McElroy and Alice Bell, as executors of James C. Bell, deceased, plaintiffs, and the National Savings Bank of Albany and Montgomery H. Rochester, as administrator, defendants, submitted without action, pursuant to Code Civ. Proc. § 1279.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

I. & J. M. Lawson, for plaintiffs.

Rosendale & Hessberg, for the Savings Bank.

Albert Rathbone, for M. H. Rochester, Administrator.

PARKER, P. J. I am of the opinion that the deposit by James C. Bell of the money in bank to the credit of his wife, Alida P. Bell, and himself, with the provision that either of them, or the survivor of them, was to draw it, imports a gift to the wife in case she survives him, and that delivery of the pass book to her by the husband was not necessary to perfect such gift. The principle decided in Sanford v. Sanford, 45 N. Y. 723, and again in 58 N. Y. 69, seems to be applicable to the facts before us, and to so hold. See, also, Fowler v. Butterly, 78 N. Y. 68, 72; Scott v. Simes, 10 Bosw. 314.

The intent of the husband to that effect is very plain, and it seems that the wife had been informed of his purpose, and expected to receive the benefit of it. The only question is whether he had fully perfected the gift by the delivery which the law requires. None of the cases cited by the plaintiffs' counsel are necessarily in conflict with the principle decided in the cases above cited, and I consider them authority for the conclusion which I reach.

A judgment should be entered directing that, upon the death of James C. Bell, the balance in the bank to the credit of himself and Alida P. Bell became the property of Alida P. Bell, and that, upon her death, the defendant Rochester became entitled to the same as assets of her estate. All concur.