## SULLIVAN v. SULLIVAN.

(Supreme Court, Appellate Division, Third Department. March 14, 1899.)

TRUSTS—TESTAMENTARY DISPOSITION.

Deposit of a fund in bank payable to the depositor, or, in case of his death without withdrawing it, to another, does not create a trust in favor of the other, the title to the fund not being transferred to the beneficiary, nor retained by the depositor as trustee.

Appeal from trial term.

Action by Patrick R. Sullivan, as administrator, etc., against Catherine Sullivan. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

King & Chamberlain (Burton S. Chamberlain, of counsel), for appellant.

Reynolds, Stanchfield & Collin (Richard H. Thurston, of counsel), for respondent.

PUTNAM, J. On the 10th day of October, 1892, the plaintiff's intestate, Catherine Sullivan, deposited with the Chemung Canal Bank the sum of $2,000, receiving a certificate of deposit therefor, of which the following is a copy:

"2,000.　　　　　　　　　　　　　　Chemung Canal Bank.

　　　　　　　　　　　　　　　　　Elmira, N. Y., Oct. 10th, 1892.

"Catherine Sullivan has deposited in this bank two thousand dollars, payable one day after date to the order of herself, or, in case of her death, to her niece, Catherine Sullivan, of Utica, upon return of this certificate, with interest at three per cent. per annum, if held six months. Not subject to check.

　"No. 26,638.　　　　　　　　　　　　　　J. H. Arnot, V. P."

She remained in possession of said certificate until her death, on the 8th day of February, 1893, and after her decease it was found among her papers. An intent on the part of the deceased to have the certificate so drawn that, in case of her death without having used the deposit, it could be drawn by her said niece, was shown by oral testimony. This action was brought by Mrs. Sullivan's administrator to recover said deposit, the defendant, Catherine Sullivan, claiming that the effect of the transaction was to create a trust in her favor for the said $2,000 and interest. The trial judge found against said contention, and the defendant has appealed to this court.

While the question submitted to us, under the authorities, is not entirely free from doubt, I am inclined to agree with the conclusion reached by the trial judge. In Martin v. Funk, 75 N. Y. 134, where a deposit was made in a savings bank by one to her own credit, in trust for another, the trust was upheld on the ground that the deposit was in fact a transfer of the title of the fund from the depositor individually to himself as trustee. In that case it was said:

"The act constituting the transfer must be consummated, and not remain incomplete, or rest in mere intention, and this is the rule whether the gift is by delivery only, or by the creation of a trust in a third person, or in creating the donor himself a trustee. Enough must be done to pass the title, although, when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the cestui que trust, nor is it even essential that the latter should be informed of the trust."

In Beaver v. Beaver, 117 N. Y. 429, 22 N. E. 941, the following language was used in the opinion:

"But delivery by the donor, either actual or constructive, operating to devest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title. The intention to give is often established by most satisfactory evidence, although the gift fails."

Where a trust is attempted to be created for the benefit of a donee, a transfer of the title of the property affected, or of some interest therein, and a delivery thereof to the trustee, is essential to the validity of the trust.

In Martin v. Funk, supra, the deposit and the possession of it were transferred from the donor as an individual to himself as trustee for the donee.

In Von Hesse v. MacKaye, 136 N. Y. 114, 32 N. E. 615, Davis v. Ney, 125 Mass. 590, and Rosenburg v. Rosenburg, 40 Hun, 91, cited by counsel for the appellant, the title of the property affected by the trust, and the possession thereof, passed at once from the donor to the trustee for the benefit of the cestui que trust. While it is true that it has been held that a power of revocation reserved to the donor does not affect the validity of such a trust,—Von Hesse v. MacKaye, Davis v. Ney, and Rosenburg v. Rosenburg, supra,—nevertheless, a present transfer of the title of the property affected, and a delivery of the possession thereof to the trustee, are essential. In this case the deposit by plaintiff's intestate in the Chemung Canal Bank did not

pass the title to the fund to the defendant, or to a trustee for the benefit of the defendant. Such deposit created the relation of creditor and debtor between the depositor and the bank. The fund remained the property and under the absolute control of the former. To have the effect of creating a trust in favor of the defendant, the contract between Mrs. Sullivan and the bank should, at the time of its execution, have devested the former of title to the fund, or of some interest therein, and vested such interest in the defendant. Such was not the effect of the certificate. The clause in the certificate for the benefit of the defendant could not take effect until after the death of Mrs. Sullivan. The latter did not devest herself of control over the fund during her lifetime. She could use it or withdraw it. She did not, by her contract with the bank, devest herself of the possession, absolute control, or title to said fund. To create a valid trust in favor of the defendant, the certificate should have given to her, or a trustee for her, a vested interest in the deposit, created at the time,— a title to the deposit, or of some interest therein. As it was, such interest as was attempted to be given to the defendant under the certificate was only to take effect after the death of the donor, and hence was testamentary in its character. Mrs. Sullivan remained in the possession of the certificate, and retained the title to the deposit, and there was no present transfer thereof to or for the defendant. If the contract between Mrs. Sullivan and the bank had provided that the deceased might receive the interest on the fund during her life, and the defendant, after her death, the remainder, thus vesting in the latter, by the terms of the contract, a certain interest in the deposit, the trust might have been valid (see Young v. Young, 80 N. Y. 431); or if the certificate had provided that the sum deposited should be payable to deceased or the defendant (McElroy v. Bank, 8 App. Div. 192, 40 N. Y. Supp. 340), or to deceased and the defendant (Mack v. Bank, 50 Hun, 477, 3 N. Y. Supp. 441). Under the facts appearing in the two cases last cited, by the contract entered into when the fund was deposited an equal undivided interest therein was at once created in favor of the donee.

In Gilman v. McArdle, 99 N. Y. 452, 2 N. E. 464, it was said:

"It is only with respect to dispositions of property which are not to have any effect except upon the death of the owner, and are revocable, that he is confined to a will. If they operate in præsenti, they may be valid as contracts, although they are not to be carried into execution until after the death of the party making them, or are contingent upon the survivorship of another."

In that case a present transfer of property to a trustee for the benefit of cestuis que trustent was held valid. It might have been valid, under authorities above cited, had there been reserved a power of revocation, but under the holding of the court it would not have been enforceable had the defendant attempted a disposition of the property in question which was not to have any effect except upon the death of the donor. In this case the provision in the contract between Mrs. Sullivan and the bank in favor of the defendant was not to have any effect except upon the death of the donor, and hence, under the doctrine suggested in the authority last cited, is not en-

forceable.   It would be an almost endless task to attempt a review of the many authorities bearing on the question involved in this case, and such review would serve no useful purpose.   I have examined the greater part of those authorities, and, after a careful consideration of the case, I reach the conclusion, although with some hesitation, that the case was properly disposed of by the court below, and that the judgment should be affirmed.

Judgment affirmed, with costs.   All concur.