PATRICK R. SULLIVAN, as Administrator, etc., of CATHERINE SULLIVAN, Deceased, Respondent, v. CATHERINE SULLIVAN, Appellant.

*Certificate of deposit payable to the depositor or, "in case of her death, to her niece"*
*— no trust is established in favor of the niece.*

A certificate of deposit found among the papers of a decedent, reciting "Catherine Sullivan has deposited in this bank two thousand dollars, payable one day after date to the order of herself, or, in case of her death, to her niece, Catherine Sullivan, of Utica, upon return of this certificate, with interest at 3% per annum if held six months," coupled with oral evidence that it was the intent of the deceased to have the certificate so drawn that, in the event of her death without having used the deposit, it could be drawn by her niece, is not sufficient to establish a trust in favor of the niece in the amount of the deposit. The certificate of deposit did not divest the decedent of the possession or absolute control of or of the title to said fund, or give to the niece a present vested interest therein.

APPEAL by the defendant, Catherine Sullivan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 4th day of October, 1898, upon the decision of the court rendered after a trial at the Chemung Special Term.

*Burton S. Chamberlin*, for the appellant.

*Richard H. Thurston*, for the respondent.

PUTNAM, J.:

On the 10th day of October, 1892, the plaintiff's intestate, Catherine Sullivan, deposited with the Chemung Canal Bank the sum of $2,000, receiving a certificate of deposit therefor of which the following is a copy:

"$2000.00                    " CHEMUNG CANAL BANK,     ⎫
                  ELMIRA, N. Y., *Oct.* 10*th*, 1892. ⎰

" Catherine Sullivan has deposited in this bank two thousand dollars, payable one day after date to the order of herself, or, in case of her death, to her niece, Catherine Sullivan, of Utica, upon return of this certificate, with interest at 3% per annum if held six months. Not subject to check.

"No. 26638.                    J. H. ARNOT, *V. P.*"

She remained. in possession of said certificate until her death on the 8th day of February, 1893, and after her decease it was found among her papers. An intent on the part of the deceased to have the certificate so drawn that, in case of her death without having used the deposit, it could be drawn by her niece, was shown by oral testimony.

This action was brought by Mrs. Sullivan's administrator to recover said deposit, the defendant, Catherine Sullivan, claiming that the effect of the transaction was to create a trust in her favor for the said $2,000 and interest.

The trial judge found against said contention, and the defendant has appealed to this court.

While the question submitted to us, under the authorities, is not entirely free from doubt, I am inclined to agree with the conclusion reached by the trial judge. In *Martin* v. *Funk* (75 N. Y. 134), where a deposit was made in·a savings bank by one to her own credit, in trust for another, the trust was upheld on the ground that the deposit was in fact a transfer of the title of the fund from the depositor individually to himself as trustee. In that case it was said : " The act constituting the transfer must be consummated, and not remain incomplete, or rest in mere intention, and this is the rule whether the gift is by delivery only, or by the creation of a trust in a third person, or in creating the donor himself a trustee. Enough must be done to pass the title, although when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the *cestui que trust,* nor is it even essential that the latter should be informed of the trust."

In *Beaver* v. *Beaver* (117 N. Y. 429) the following language was used in the opinion : " But delivery by the donor, either actual or

constructive, operating to divest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title. The intention to give is often established by most satisfactory evidence, although the gift fails."

Where a trust is attempted to be created for the benefit of a donee, a transfer of the title of the property affected, or of some interest therein, and a delivery thereof to the trustee, is essential to the validity of the trust.

In *Martin* v. *Funk* (*supra*) the deposit, and the possession of it, were transferred from the donor as an individual to himself as trustee for the donee.

In *Von Hesse* v. *MacKaye* (136 N. Y. 114), *Davis* v. *Ney* (125 Mass. 590), and *Rosenburg* v. *Rosenburg* (40 Hun, 91), cited by counsel for the appellant, the title of the property affected by the trust, and the possession thereof, passed at once from the donor to the trustee for the benefit of the *cestui que trust*. While it is true that it has been held that a power of revocation, reserved to the donor, does not affect the validity of such a trust — *Von Hesse* v. *MacKaye, Davis* v. *Ney*, and *Rosenburg* v. *Rosenburg* (*supra*) — nevertheless, a present transfer of the title of the property affected, and a delivery of the possession thereof to the trustee, is essential.

In this case, the deposit by plaintiff's intestate in the Chemung Canal Bank did not pass the title to the fund to the defendant. Such deposit created the relation of creditor and debtor between the depositor and the bank. The fund remained the property and under the absolute control of the former. To have the effect of creating a trust in favor of the defendant, the contract between Mrs. Sullivan and the bank should, at the time of its execution, have divested the former of title to the fund, or of some interest therein, and vested such interest in the defendant. Such was not the effect of the certificate. The clause in the certificate for the benefit of the defendant could not take effect until after the death of Mrs. Sullivan. The latter did not divest herself of control over the fund during her lifetime. She could use it or withdraw it. She did not by her contract with the bank divest herself of the pos-

session or absolute control of, or of the title to, said fund. To create a valid trust in favor of the defendant, the certificate should have given to her a vested interest in the deposit, created at the time a title to the deposit or some interest therein. As it was, such interest as was attempted to be given to the defendant under the certificate was only to take effect after the death of the donor, and hence was testamentary in its character. Mrs. Sullivan remained in the possession of the certificate, and retained the title to the deposit, and there was no present transfer thereof to the defendant.

If the contract between Mrs. Sullivan and the bank had provided that the deceased might receive the interest on the fund during her life, and the defendant after her death the remainder, thus vesting in the latter, by the terms of the contract, a certain interest in the deposit, the trust might have been valid. (See *Young* v. *Young* 80 N. Y. 431.) Or if the certificate had provided that the sum deposited should be payable to deceased *or* the defendant (*McElroy* v. *National Savings Bank*, 8 App. Div. 192), or to deceased *and* the defendant. (*Mack* v. *Mechanics & Farmers' Sav. Bank*, 50 Hun, 477.) Under the facts appearing in the two cases last cited, by the contract entered into when the fund was deposited, an equal undivided interest therein was at once created in favor of the donee.

In *Gilman* v. *McArdle* (99 N. Y. 461) it was said : " It is only in respect to dispositions of property which are not to have any effect except upon the death of the owner, and are revocable, that he is confined to a will. If they operate *in presenti* they are valid as contracts, even though they are not to be carried into execution until after the death of the party making them, or may be contingent upon the survivorship of another." In that case a present transfer of property to a trustee for the benefit of *cestuis que trust* was held valid. It might have been valid, under authorities above cited, had there been reserved a power of revocation; but under the holding of the court it would not have been enforcible had the defendant attempted a disposition of the property in question which was not to have any effect except upon the death of the donor.

In this case the provision in the contract between Mrs. Sullivan and the bank in favor of the defendant was not to have any effect except upon the death of the donor, and hence, under the doctrine stated in the authority last cited, is not enforcible.

It would be an almost endless task to attempt a review of the many authorities bearing on the question involved in this case, and such review would serve no useful purpose. I have examined the greater part of those authorities, and after a careful consideration of the case, I reach the conclusion, although with some hesitation, that the case was properly disposed of by the court below, and that the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.