(29 Misc. Rep. 167.)

## In re MEEHAN.

(Surrogate's Court, New York County.  October, 1899.)

1. LIMITATION OF ACTIONS—EVIDENCE OF NEW AGREEMENT.

A claim was made for services rendered to a decedent during 11 years. The defense of limitations was interposed as to services rendered prior to 6 years before decedent's death. There was evidence that decedent told claimant, after the lapse of such period, that when he sold certain property he would pay her. It did not appear that claimant agreed to await the sale of the property for the payment of the claim. *Held* insufficient to show a new agreement upon consideration, taking the claim out of the statute.

2. SAME—WHEN CLAIM BECOMES BARRED.

Where a claim is made for services rendered to a decedent during 11 years, and there has been no payment on account, and no written acknowledgment or promise to pay, and no new agreement, upon sufficient consideration, for payment, so much of the claim as is for services rendered prior to 6 years before the death of decedent is barred by the statute of limitations.

3. REFERENCE—STENOGRAPHER'S FEES.

Where, on stipulation, a stenographer is employed at a hearing before a referee, only those who joined in the stipulation should be required to contribute towards the payment of the stenographer's fees.

Matter of the application of Annie Meehan, as administratrix, etc., of Thomas Meehan, deceased, for authority to mortgage, lease, or sell real property for the payment of debts. There was a report of a referee, and petitioner brings exceptions. Report modified and confirmed.

James Stikeman, for petitioner.

Martin & Weil, for contestants.

VARNUM, S.  One of the exceptions to the report of the referee is to the allowance of a claim of the sister-in-law of the decedent for services which she performed for him as his housekeeper, general domestic servant, and janitress for over 11 years previous to his death. The evidence satisfactorily establishes that these services were actually performed, and that they were so performed in pursuance of an agreement previously entered into by her and the decedent. No payment was ever made on account of them, and no acknowledgment or promise in writing of any kind whatever was ever signed by the decedent in reference to the claim in question. It is objected by the exceptant that the defense of the statute of limitations, which was interposed as a bar to the recovery for such of the services as had been rendered during the period ending 6 years before decedent's death, should have been sustained by the referee. The referee finds that there was a new agreement, upon a new and sufficient consideration, between the parties, obligating the decedent to pay for the services of the claimant during the last-mentioned period. The only evidence bearing upon the subject which was presented proved that at different times since the lapse of such period the intestate had told the claimant that when he should sell certain real

estate which he owned he would pay her. How he came to tell her, or whether this statement was made in the course of a conversation, or how it was induced, is not shown. So far as the evidence discloses, it might have been a casual or passing statement, made, possibly, to quiet any anxiety that the claimant might have felt as to her being paid, or possibly with the honest purpose of assuring her of payment; but there was nothing said by claimant, nor is there anything in the evidence showing, or from which it could be inferred, that there was any agreement or understanding whatever that the claimant would await the sale of the property mentioned for the payment of her claim. There having been no payment made on account of the claim, nor any such acknowledgment or promise as is referred to in section 395 of the Code of Civil Procedure, and no new agreement, upon a sufficient consideration, for the payment of the claim, so much thereof as is for services rendered for a period terminating 6 years before the death of the decedent is barred by the statute of limitations, and the exception to the finding of the referee is in this particular sustained. In re Gardner, 103 N. Y. 533, 9 N. E. 306.

There is evidence from which the referee might fairly conclude that it was the intention of the decedent that the savings bank deposit, which was made in the joint names of himself and wife, should go to the latter in the event of her surviving him. The referee's finding that she was entitled to the deposit is therefore sustained, and the exception thereto overruled. McElroy v. Bank, 8 App. Div. 192, 40 N. Y. Supp. 340, and cases cited therein; Wilcox v. Murtha, 41 App. Div. 408, 58 N. Y. Supp. 783; Wetherow v. Lord, 41 App. Div. 417, 58 N. Y. Supp. 778. The referee's report, except as it has been hereinbefore modified, is confirmed.

The referee's and stenographer's fees have been taxed. Only the parties who joined in the stipulation for the employment of a stenographer by the referee will have to contribute towards the payment of the stenographer's fees.

Referee's report modified, and, as modified, confirmed.