Patrick R. Sullivan, as Administrator, etc., of Catherine Sullivan, Deceased, Respondent, *v.* Catherine Sullivan, Appellant.

1. Contract — Privity — Consideration. A certificate issued by a bank declaring a deposit to be payable one day after date to the depositor's order, or in case of her death to her niece, accompanied by the depositor's oral statement to the teller that "she wanted it fixed to herself or in case of her death to her niece," creates no contract for the benefit of the latter, available to her after the death of the depositor, as the niece was not a privy thereto and her relations with the depositor were not such as to furnish any consideration therefor.

2. Parol Trust — Immediate Change of Title Necessary. Such a transaction does not create either the depositor or the bank a trustee for the benefit of the niece, subject to a power of revocation residing in the depositor during her lifetime, it appearing that there was no immediate and fixed change of title to the fund, nor any expressed or implied intention to make such an immediate change, the bank having remained at all times a mere debtor of the depositor.

*Sullivan* v. *Sullivan*, 39 App. Div. 99, affirmed.

(Argued January 23, 1900; decided February 6, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 23, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Burton S. Chamberlin* for appellant. The certificate of deposit given by the Chemung Canal Bank to the deceased, Catherine Sullivan, was a valid contract between them, made for the benefit of the niece mentioned in it, and she has the

right to enforce that contract. (*Buchanan* v. *Tilden*, 158 N. Y. 109; *Dutton* v. *Poole*, 1 Ventris, 318; *Todd* v. *Weber*, 95 N. Y. 181.) When the Chemung Canal Bank made the agreement concerning the $2,000 with the deceased, Catherine Sullivan, a trust for the benefit of the defendant was created and the bank became the trustee of the fund. That trust, subject to a power of revocation, existed during the life of the donor, and, being unrevoked, upon the death of the donor the defendant was entitled to the possession of the money and the bank should have paid it to her. (*Rosenburg* v. *Rosenburg*, 40 Hun, 91; *Hirsh* v. *Auer*, 146 N. Y. 13; *Gilman* v. *McArdle*, 99 N. Y. 451; *Todd* v. *Vaughan*, 90 Hun, 70; *Von Hesse* v. *MacKaye*, 136 N. Y. 114; *Davis* v. *Ney*, 125 Mass. 590.) A valid and perfect trust was created by the deceased, Catherine Sullivan, in herself, for the benefit of the defendant. (1 Perry on Trusts [2d ed.], 90, § 91; *Martin* v. *Funk*, 75 N. Y. 134; *Mabie* v. *Bailey*, 95 N. Y. 206; *Smith* v. *Lee*, 2 T. & C. 591; *Matter of Cooper*, 6 Misc. Rep. 501; *Hyde* v. *Kitchen*, 69 Hun, 280; *Witzel* v. *Chapin*, 3 Bradf. 386.)

*Frederick Collin* for respondent. The debt to the intestate, being her absolute property at the time of her death, could pass to the infant only by virtue of a last will; and, inasmuch as there was intestacy, it passed by operation of law to the administrator. (*Wheeler* v. *Stewart*, 94 Mich. 445; *Sherman* v. *Savings Bank*, 138 Mass. 581; *Nutt* v. *Morse*, 142 Mass. 1.) The bank did not become the trustee of the fund. The relation was that of debtor and creditor. (*Read* v. *Marine Bank*, 136 N. Y. 454; *Leavitt* v. *Palmer*, 3 N. Y. 19; *Bank of Orleans* v. *Merrill*, 2 Hill, 295; *Pardee* v. *Fish*, 60 N. Y. 265; *Tripp* v. *Curtenius*, 36 Mich. 494; *M. A. Assn.* v. *Jacobs*, 43 Ill. App. 340; *C. Bank* v. *Hughes*, 17 Wend. 94; *Chapman* v. *White*, 6 N. Y. 412; *Marsh* v. *O. C. Bank*, 34 Barb. 298; *Ward* v. *Johnson*, 95 Ill. 215.) No trust can be predicated upon the relation of debtor and creditor. (*Otis* v. *Gross*, 96 Ill. 612; *M. A. Assn.* v. *Jacobs*,

43 Ill. App. 340; 2 Story's Eq. Juris. § 964; *Wallace* v. *Wainwright*, 87 Penn. St. 263; *Mann* v. *Purcell*, 46 Ohio St. 102; *Chapman* v. *White*, 6 N. Y. 412; *Pope* v. *Savings Bank*, 56 Vt. 284; *People* v. *M. & T. Sav. Inst.*, 92 N. Y. 7.) To constitute a trust there must be either an explicit declaration of trust or circumstances which show beyond reasonable doubt that a trust was intended to be created. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Young* v. *Young*, 80 N. Y. 422; *Sherman* v. *N. B. S. Bank*, 138 Mass. 581; *Northrup* v. *Hale*, 73 Me. 66; *Devlin* v. *Hinman*, 34 App. Div. 107; *Young* v. *Young*, 80 N. Y. 422; *Marcy* v. *Amazeen*, 61 N. H. 131; *Pope* v. *Savings Bank*, 56 Vt. 284.) Mere intention does not create a trust. The intention must be carried out by an express declaration or by the actual acts and practical assumption of trusteeship. (*Matter of Crawford*, 113 N. Y. 560.)

WERNER, J. On the 10th day of October, 1892, the plaintiff's intestate, Catherine Sullivan, deposited with the Chemung Canal Bank the sum of $2,000, and received therefor a certificate of deposit in the following form:

" $2,000.            ELMIRA, N. Y., *Oct. 10th*, 1892.

" Catherine Sullivan has deposited in this bank two thousand dollars, payable one day after date to the order of herself, or in the case of her death to her niece, Catherine Sullivan, of Utica, upon the return of this certificate, with interest at 3 per cent per annum, if held six months. Not subject to check.

" No. 26638.            J. H. ARNOT, *V. P.*"

She retained possession of said certificate until her death, which occurred on the 8th day of February, 1893, and after her death it was found among her papers.

This action was originally brought against the individuals who composed the firm known as the Chemung Canal Bank, and was upon their application continued against the present defendant, who claims to be entitled to the moneys represented by said certificate. Upon the trial oral evidence was

adduced to show, and the court found, that it was the intention of the plaintiff's intestate to have the said certificate of deposit so drawn that in case of her death, without having withdrawn the deposit, it could be drawn by the defendant. The trial court also found that " no attempt was made by the plaintiff's intestate to create a trust to exist during the life of the said intestate. Until her death the bank was her debtor." Defendant's father, whose real name was Brown, was a nephew of the plaintiff's intestate, and lived with her for thirty-six years, taking the name of Sullivan, and being regarded and treated as an adopted son, although no legal adoption was ever consummated. The defendant was born in the house of plaintiff's intestate, in Elmira, and lived there for four or five years after her birth, at the end of which period she removed with her parents to the city of Utica. Plaintiff's intestate, who was childless, exhibited and expressed on all occasions great fondness for the defendant, and at the time of said deposit stated to the teller of said bank that " she wanted it fixed to herself, or in case of her death to her niece, Catherine Sullivan, of Utica."

In asserting her claim to this fund the defendant invokes several distinct principles of law, the first of which is that the deposit of this money and the issuance of this certificate constituted a valid contract between plaintiff's intestate and the bank for the benefit of the defendant. *Buchanan* v. *Tilden* (158 N. Y. 109); *Dutton* v. *Pool* (1 Ventris, 318), and *Todd* v. *Weber* (95 N. Y. 181) are cited in support of this contention. As I read these cases they have no application to the case at bar, for in each of them there was a valid contract founded upon a sufficient consideration for the benefit of a third person, which the latter could enforce. Here there was no contract to which the defendant was a privy, nor can it be said that the relations of the plaintiff's intestate and the defendant were such as to furnish any consideration for such a contract, if one had existed.

It is further urged on behalf of the defendant that the transactions between the plaintiff's intestate and the bank

created a trust under which the bank became a trustee for the defendant, subject to a power of revocation which resided in the plaintiff's intestate during her lifetime; or at least that the plaintiff's intestate constituted herself a trustee for the benefit of the defendant, subject to the same power of revocation. The inherent weakness of both of these propositions lies in the fact that in the transactions between the plaintiff's intestate and the bank there was no immediate and fixed change of title to the fund. There was no intention, either expressed in terms or to be implied from the nature of the transaction, to immediately transfer the title of the fund to the defendant, or to the bank, except as the depositary and debtor of the depositor. This is the essential difference between the position of the defendant and the *cestuis que trust* in the cases cited in support of her contention. As was said by Chief Judge CHURCH in *Martin* v. *Funk* (75 N. Y. 138): "Enough must be done to pass the title, although when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the *cestui que trust,* nor is it even essential that the latter should be informed of the trust." Reduced to its simplest analysis, the transaction between the plaintiff's intestate and the bank established between them only the relation of debtor and creditor, which could not be, and was not changed by the intention of the former to provide, in the event of her death, for the defendant. The defendant acquired no rights *in præsenti ;* she was to acquire them *in futuro.* This is the test which marks the essential difference between a valid gift *inter vivos,* or an effectual parol trust, and the mere expressed desire or intention to do that in the future which can only be done by will. As was said by this court in *Gilman* v. *McArdle* (99 N. Y. 461): "It is only in respect to dispositions of property which are not to have any effect except upon the death of the owner and are revocable, that he is confined to a will." These views are not in conflict with *Hirsch* v. *Auer* (146 N. Y. 13), *Gilman* v. *McArdle* (*supra*); *Von Hesse* v. *MacKaye* (136 N. Y. 114); *Martin* v. *Funk* (75 N. Y. 134), and *Mabie* v.

*Bailey* (95 N. Y. 206), cited by the defendant. In each of these cases the act constituting the transfer was consummated. It did not remain incomplete or rest in mere intention, as in the case at bar.

An attempt to enter upon a detailed review of the many authorities upon the subject of gifts *inter vivos* and parol trusts would be an unprofitable task, as the application of the controlling principle herein depends upon the particular facts of each case.

The judgment of the court below should be affirmed, without costs.

Parker, Ch. J., Gray, Bartlett, Martin, Vann and Cullen, JJ., concur.

Judgment affirmed.