(Supreme Court, Special Term, New York County.   March 28, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—DISMISSAL.

Since, under the express provisions of Code Civ. Proc. § 2454, supplementary proceedings can only be discontinued or dismissed by an order of the judge, the failure to enter orders upon decisions dismissing two former orders for the judgment debtor's examination was a valid objection to the issuance of a third order for his examination.

Supplementary proceedings by Albert F. Schwarmecke against Joseph B. Glenny.   Motion to vacate an order for defendant's examination.   Granted.

Gilbert D. Steiner, for the motion.
Lucius A. Waldo, opposed.

GIEGERICH, J.   It is conceded by the attorney for the judgment creditor that no orders have been entered upon the decisions dismissing the two former orders for the judgment debtor's examination. While the failure to enter such orders may not formerly have been a valid objection to the third order, which is now sought to be vacated on the ground of the pendency of the prior proceedings (Shults v. Andrews, 54 How. Prac. 380), under the present practice (section 2454 Code Civ. Proc.) the proceedings can only be discontinued or dismissed by an order (Matter of Rothschild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558; Riddle & Bullard Supp. Proc. [3d Ed.] 172 et seq.). Since such orders were not entered new proceedings could not be instituted.   Gaylord v. Jones, 7 Hun, 480; Keihen v. Shiperd, 16 Civ. Proc. R. 183, 4 N. Y. Supp. 339, and cases there cited; Riddle & Bullard Supp. Proc. (3d Ed.) 484.   The last order obtained for the defendant's examination must therefore be vacated.

Motion granted, without costs.

---

(118 App. Div. 449)

### TURNBULL et al. v. TURNBULL.

(Supreme Court, Appellate Division, Third Department.   March 13, 1907.)

GIFTS—WHAT CONSTITUTE.

Where a bank issued to a depositor a certificate of deposit payable to the order of himself or a certain other person, the deposit having been made and the certificate issued with intent on the part of the depositor to give the certificate to the other in case he survived the depositor, there was no gift or trust, but an invalid attempt to make a testamentary disposition.

[Ed. Note.—For cases in point, see Dig. vol. 24, Gifts, §§ 52–57.]

Appeal from Montgomery County Court.

Action by Lizzie Turnbull and another, as administratrix and administrator of the estate of Peter Turnbull.   Appeal by plaintiffs from a judgment in favor of defendant.   Reversed, and new trial granted.

Argued before SMITH, P.. J., and CHE'STER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. V. Borst and Charles E. Hardies, for appellants.
R. B. Fish and Louis S. Carpenter, for respondent.

COCHRANE, J. On March 24, 1903, Peter B. Turnbull, the plaintiff's intestate, received from the Fultonville National Bank a certificate of deposit of which the following is a copy:

"The Fultonville National Bank. ·

"No. 10,387. $100.

· "Fultonville, N. Y., Mar. 24, 1903.

"This certifies that P. B. Turnbull has deposited in this bank One Hundred Dollars payable to the order of himself or Geo. H. Turnbull on the return of this certificate properly endorsed. O. F. Conable, Cashier."

On June 13, 1903, the said deceased received from said bank another certificate of deposit for the sum of $50, and on January 15, 1904, another certificate for the sum of $30; such certificates being the same in form as that above set forth. These certificates remained in the possession of said Peter B. Turnbull until his death, which occurred January 19, 1904, four days after the date of the last certificate. Thereafter the defendant, having taken possession of the certificates, received payment therefor on presentation to the bank. Plaintiffs, having demanded of the defendant that said certificates be returned, bring this action for the conversion thereof.

Deceased and the defendant were brothers. The deceased began making deposits in the bank several years before his death, when he was residing with the defendant. The cashier of the bank testified that, when the first deposit was made, the deceased stated that he wanted it arranged so that he could use the money in his lifetime, and what he should have left when he died he wanted his brother George to have. At the suggestion of the cashier, a certificate was issued to the deceased in the form above indicated to carry out the declared purpose of the deceased as thus expressed. Thereafter, from time to time, the deceased made additional deposits and withdrew some of the money deposited, and received from the bank new certificates all in the form indicated, until his transactions with the bank resulted in the three certificates of deposit which are the subject of this controversy.

The learned county judge has found as a fact on sufficient evidence:

"That said certificates were, and each of them was, made payable as aforesaid by the request and direction of said deceased, with the intent that, in case said certificates were outstanding at the time of his death and the defendant survived him, said certificates and the proceeds thereof should belong to the defendant, and with the intent to give said certificates to the defendant in case he survived the deceased and for the purpose of effectuating such intent and for no other purpose."

In Sullivan v. Sulllivan, 161 N. Y. 554, 56 N. E. 116, facts were proved very similar to the facts here established. In that case a certificate of deposit was received payable to the order of the depositor, "or in the case of her death to her niece Catherine Sullivan." The court said:

"There was no intention, either expressed in terms or .to be implied from the nature of the transaction, to immediately transfer the title of the fund to the defendant or to the bank except as the depositary and debtor of the depositor. This is the essential difference between the position of the defendant and the cestui que trust in the cases cited in support of her contention. As was said by Chief Judge Church in Martin v. Funk, 75 N. Y. 138, 31 Am. Rep. 446: 'Enough must be done to pass the title, although when a trust is declared, whether in a third person or the donor, it is not essential that the property should be actually possessed by the cestui que trust, nor is it even essential that the latter should be informed of the trust.' Reduced to its simplest analysis, the transaction between the plaintiff's intestate and the bank established between them only the relation of debtor and creditor, which could not be, and was not, changed by the intention of the former to provide, in the event of her death, for the defendant. The defendant acquired no rights in præsenti. She was to acquire them in futuro. This is the test which makes the essential difference between a valid gift inter vivos, or an effectual parol trust, and the mere expressed desire or intention to do that in the future which can only be done by will."

When that case was before this court (39 App. Div. 99, 56 N. Y. Supp 693), there was an intimation that, "if the certificate had provided that the sum deposited should be payable to deceased or the defendant," there might have been a valid trust, on the theory that the contract between the depositor and the bank when the fund was deposited would have indicated that an interest in such fund was at once created in favor of the donee. The case of McElroy v. National Savings Bank, 8 App. Div. 192, 40 N. Y. Supp. 340, was cited in support of that proposition.

If, in the present case, it appeared that it had been the purpose of the deceased when he made the deposits to vest in the defendant an immediate interest therein, perhaps we should hold as intimated by this court in the Sullivan Case that a valid trust had been created for the benefit of the defendant; but such theory is opposed to the facts as found by the learned county judge. It is also contrary to the declared purpose of the deceased to the cashier of the bank when the first deposit was made that "he wanted it so that he could use it in his lifetime, and what he should have left when he died he wanted his brother George to have." And the trial court has found that the certificates were issued in the form in which they appear, "with the intent to give said certificates to the defendant in case he survived the deceased and for the purpose of effectuating such intent, and for no other purpose." The facts as proved and found by the trial court bring the case squarely within the Sullivan Case and supply the difference in the form of the certificates in this case and the form of the certificate in that case. It is clear that whatever interest the defendant was to have in the deposits was to be postponed until the death of the depositor, and was then to relate to only so much of the fund as might then remain. There was no gift or trust, but merely an attempt to do that in the future which can only be done by will.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.