BRADT v. BRADT et al. (Supreme Court, Appellate Division, Third Department. March 8, 1911.) Appeal from Special Term. Action by John V. D. H. Bradt, Jr., executor, against John H. Bradt and another. From the judgment, plaintiff appeals. Reversed, and new trial granted. Harris & Rudd (Wm. L. Visscher, of counsel), for appellant. William A Glenn (Marcus T. Hun, of counsel), for respondents.

PER CURIAM. The evidence does not show a completed gift. Sullivan v. Sullivan, 161 N Y. 554, 56 N. E. 116; Turnbull v. Turnbull, 118 App. Div. 449, 103 N. Y. Supp. 499; Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543.

HOUGHTON, J. (dissenting). I think this judgment should be affirmed. Until the decision of the Court of Appeals in Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543, all of the courts of the state had indulged in much loose talk and conceived many false notions concerning the legal rights to a deposit made by one to the order of himself or another, or the survivor. The failure to give such transaction its ordinary and reasonable legal meaning and effect resulted in most instances in defeating the intent of the depositor. When a man deposits money in a savings bank to the credit of himself or another named person, or the survivor, he necessarily intends one of two things. First, he intends to serve his own convenience in drawing, because he may desire to draw some of the money and not be able to present the book himself, and hence names another with authority to do so; or, second, he intends to transfer title to the money to his codepositor and make him a joint owner thereof. Eliminating the question of deposit for convenience, there can be no other reasonable construction of the act of making the deposit in such a form than that the depositor intends to transfer joint title to the money to the person to whose order he makes the account payable. The transfer need not necessarily be absolute to make it valid. In a legal sense it is absolute when made, subject, however, to the contingency of the depositor surviving the joint depositor. The joint ownership of the deposit carries with it the right of either to draw, and the fact that the depositor reserves the right to draw on the account does not affect the title to that which may remain undrawn. So far as the bank is concerned, the Legislature has recognized the situation, and has provided by section 144 of the banking law (Consol. Laws 1909, c. 2) that the bank is protected when either shall draw. The trouble has all come about from calling the transaction a gift, and investing it with the necessary attribute of delivery attaching to a gift. In fact and in law it is a transfer of the money to joint ownership. Delivery of the bank book

is therefore not an essential element of transferring title to the money deposited, because when the deposit is made the money is delivered to the bank for the codepositor and joint owner, and is therefore a good delivery as to him. It was expressly held in West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130, that delivery of the bank book is not an essential element. The only significance of delivery of the bank book is to emphasize the intent which the transaction itself imports, and under certain circumstances to show that the deposit was or was not made for convenience in drawing.

There is no more reason why a man should not be presumed to intend the ordinary and natural import of his acts in making a deposit of this character than in doing any other act. The deposit which the plaintiff's testator made in the present case to the defendant or himself, or the survivor, certainly was not made for convenience in drawing, because defendant resided hundreds of miles from the depositor's home. That element, therefore, is eliminated. The plaintiff's testator clearly intended to pass title to the deposit to the defendant, in case the defendant survived him. All the evidence tends to show that he made his various deposits, including that in favor of the defendant, for the purpose of passing title to the money. That his deposits exceeded the limit allowed by law in savings banks in 1898, and that his attention was called to that fact, had no controlling bearing upon his ultimate intent as evidenced by his later acts. If his deposits did exceed the legal limit, is is very doubtful if he could correct that trouble by splitting up such deposits and making them to himself and another. Even if it was his original intent to bring himself within the law in this manner, his ultimate intent was to pass title to the money of the various deposits which he made and make his codepositors joint owners. The transaction was not in contravention of the statute of wills. A man has the right to transfer his property during his lifetime to whomsoever he likes, and make no will at all, or make one after he has made such transfer, if he desires. The situation was wholly different in Sullivan v. Sullivan, 161 N. Y. 554, 56 N. E. 116. In that case a deposit was made to the order of the depositor or, in case of her death to another, clearly evidencing no intent to pass present title. As I interpret the decision in Kelly v. Beers, supra, the Court of Appeals set at rest the contention concerning deposits of this character, and expressly held that the deposit of money to the order of the depositor or another, or the survivor, transferred title to the money and made such codepositor a joint owner of the deposit, entitled to withdraw it in case he survived the depositor, unless there were some other facts showing that there was no intent to make such transfer at the time the deposit was made. In the present case there was abundant evidence to sustain the finding of the court that the plaintiff's testator intended to pass title and make the defendant a joint owner of the deposit, and I think the judgment in his favor should be affirmed.